# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2029SD

_____

Ricky L. Powells,

        Appellant,

    v.

Minnehaha County Sheriff Department;
Minnehaha County Jail Medical Staff;
Sgt. Olson, Minnehaha County Sheriff
Dept.; J. P. Jacobsen, Officer,
Minnehaha Sheriff Dept.; Brad Farinol,
Officer, Minnehaha Sheriff Dept.; Tina
Cordes, Officer, Minnehaha Sheriff
Dept.,

        Appellees.

_____

No. 99-2032SD

_____

Ricky L. Powells,

        Appellant,

    v.

Doug Arntz, Minnehaha County
Deputy; Bruce Swann, Assistant
Minnehaha County Sheriff; Minnehaha

On Appeal from the United
States District Court
for the District of
South Dakota.

[To Be Published]

County Jail; Minnehaha Disciplinary    *
Board; Minnehaha Sheriff's             *
Department; Mike Milstead; Sgt.        *
Olson,                                 *
                                       *
          Appellees.                   *
                                       *
                                       *
                                       *
     _____                      *
                                       *
       No. 99-2034SD                   *
     _____                      *
                                       *
Ricky L. Powells,                      *
                                       *
          Appellant,                   *
                                       *
     v.                                *
                                       *
McKennan Hospital, Sponsor for         *
Minnehaha County Jail or Sheriff       *
Dept.; Dr. Schaefer, Center for Family *
Medicine,                              *
                                       *
          Appellees.                   *
                                       *
                                       *
                                       *
     _____                      *
                                       *
       No. 99-3352SD                   *
     _____                      *
                                       *
Ricky L. Powells,                      *
                                       *
          Appellant,                   *
                                       *
     v.                                *
                                       *

Jeff Bloomberg, Dept. of Corrections    *
Secretary; Douglas Weber, Warden;    *
Col. Spurell; Mary Burggraaf; Amy    *
Burielson; Jan Wienkauf; Jan Brinker,    *
                                  *

         Appellees.            *

_____

Submitted:  November 2, 1999

Filed:   December 20, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals, South Dakota inmate Ricky Powells appeals from the District Court's order dismissing his three consolidated actions for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) (Appeal Nos. 99-2029, 99-2032, and 99-2034) and from the District Court's order dismissing Powells's other two consolidated actions for failure to pay the filing fee (Appeal No. 99-3352).  We affirm in part, reverse in part, and remand to the District Court.

In August, September, and November 1998, Powells, a black man, filed three actions under 42 U.S.C. § 1983, claiming that a number of defendants violated his constitutional rights during his incarceration at the Minnehaha County Jail (D. Ct. Nos. 98-4136, 98-4160, and 98-4200.)  In each of the three cases, Powells filed an in forma pauperis (IFP) application, which the District Court granted.  The District Court consolidated the actions and dismissed them pursuant to sections 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.  In December 1998, Powells filed two additional section 1983 actions arising from his incarceration in the South Dakota State Prison (D. Ct. Nos. 98-4233 and 98-4235.)

The District Court consolidated the actions and, pursuant to 28 U.S.C. § 1915(g), denied Powells's request to file the actions IFP because the Court had dismissed the prior three section 1983 actions. The District Court notified Powells that failure to pay the entire filing fee would result in dismissal of the actions. Powells did not pay the filing fee, and the court dismissed the cases.

After our de novo review, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (§ 1915A dismissal reviewed de novo), we conclude that some of the allegations Powells made in case no. 98-4160 stated a claim. First, Powells alleged that he and his white cellmate, who followed the same procedures in requesting an extra mattress and extra blanket, were similarly situated and that Officer #084, for racial reasons, denied his, but granted the white inmate's, request for the items. We conclude that these allegations stated an equal-protection claim. Cf. Nash v. Black, 781 F.2d 665, 668-69 (8th Cir. 1986) (reversing § 1915(d) (now § 1915(e)) dismissal where inmate-plaintiff simply alleged discrimination where similarly situated inmates received furloughs while plaintiff did not). Similarly, Powells alleged that defendant Officer Farinol placed him in solitary confinement for racially discriminatory reasons. This allegation was sufficient to state an equal-protection claim because Powells alleged that he was treated differently from another inmate involved in the same conduct. See Moore v. Clarke, 821 F.2d 518, 519 (8th Cir. 1987) (spirit of Federal Rules of Civil Procedure is to discourage pleading of evidence; whether allegations are true and provable is left to further development of case). Powells also stated a constitutional claim when he alleged that Officers Mison and Forrester opened his "legal mail" when he was not present. See Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir. 1981) (legal mail, mail to and from inmate's attorney and identified as such, may not be opened except in prisoner's presence (citing Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974))). Therefore, we reverse and remand the order of the District Court as to Powells's claims against Officer #084 for denial of a blanket and mattress, against Farinol for discriminatory discipline, and against Mison and Forrester for alleged interference with legal mail, and we instruct the District Court to grant Powells leave to amend his

complaint to add Officer #084, if he or she can be identified by name, Mison, and Forrester as defendants.

In all other respects, we affirm the dismissal of the remaining claims in No. 98-4160, and the dismissals of Nos. 98-4136 and 98-4200 in their entirety, as the allegations in these actions either fail to state a claim or are duplicative of the claims in No. 98-4160.  See Aziz v. Burrows, 976 F.2d 1158, 1158-59 (8th Cir. 1992) (approving § 1915(d) (now § 1915(e)) dismissal of duplicative complaint).

The reversal as to some of Powells's claims in No. 98-4160 eliminates one of the "three strikes" that was the basis for the District Court's dismissal of the two later-filed cases.  See 28 U.S.C. § 1915(g) (discussing dismissal of "an action"); Moore v. Doan, No. 98C-2307, 1998 WL 887089, at *5 (N.D. Ill. Dec. 10, 1998) ("dismissing a claim or a party from a case is not dismissing an ʿaction'").  Accordingly, we reverse and remand these actions for further proceedings so that Powells may proceed IFP in these cases in the District Court, if he qualifies for IFP status.

Accordingly, we affirm in part, and reverse and remand in part.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-