United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 15, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-20444
Summary Calendar

ARCADE JOSEPH COMEAUX, JR.,

Plaintiff-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; RANDALL HEALY; RICK THALER,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
(H-01-CV-4264)
--------------------

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Arcade Comeaux, Jr., Texas prisoner # 841331, appeals the district court's partial dismissal order and its memorandum of dismissal and final judgment. In its partial dismissal order, the district court determined that several of Comeaux's claims duplicated those pending in another 42 U.S.C. § 1983 suit, dismissed those claims as malicious, instructed Comeaux to file a shortened amended complaint and a signed motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceed in forma pauperis, and also instructed him not to file any additional pleadings. The district court dismissed Comeaux's suit for failure to comply with the court's orders under FED. R. CIV. P. 41(b), after he filed an amended complaint, a signed IFP motion, and a number of other pleadings, including a motion for injunctive relief and challenges to and an attempt to appeal the partial dismissal order.

Comeaux's filings in addition to his amended complaint following the district court's explicit and clear instructions not to file any additional pleadings exhibited contumacious conduct. The district court did not abuse its discretion when it dismissed Comeaux's suit for failure to comply with the court's orders under FED. R. CIV. P. 41(b). See Long v. Simmons, 77 F.3d 878, 880 (5th Cir.1996); McNeal v. Papasan, 842 F.2d 787, 790, 792 (5th Cir. 1988).

Also without merit are his arguments that (1) he should have been allowed to file an amended notice of appeal, (2) the district court lacked jurisdiction over the case once Comeaux filed a notice of appeal from the partial dismissal order, (3) the district court should have considered Comeaux's affidavits and granted his requests for injunctive relief and for the appointment of counsel, and (4) he was assessed too many filing fees for his district court action and appeals.

With respect to the partial dismissal order, Comeaux was not entitled to notice before the dismissal of some of his claims as

2

malicious: The district court could dismiss part of Comeaux's complaint as malicious, which counted as a strike under 28 U.S.C. § 1915(g), even though the case was ultimately dismissed for failure to comply with court orders. In addition, Comeaux has not shown that the claims dismissed as malicious did not duplicate previously filed claims. See 28 U.S.C. § 1915A(a) & (b); Carr v. Dorvin, 171 F.3d 115, 116 (2d Cir. 1999); Patton v. Jefferson Correctional Ctr., 136 F.3d 458, 463 (5th Cir. 1998); FED. R. APP. P. 10(b); United States v. Hinojosa, 958 F.2d 624, 632-33 (5th Cir. 1992).

The district court did not abuse its discretion in dismissing some of Comeaux's claims as malicious or in dismissing his case for failure to comply with the court's orders. Comeaux's appeal lacks arguable merit and is thus dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

The dismissal of Comeaux's claims as malicious counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The dismissal of Comeaux's appeal counts as an additional strike, id., and his appeal in case number 01-20584 was dismissed as frivolous, which counts as yet another strike. Comeaux has now accumulated three strikes. He may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED.