# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 04-1847

SOUVANNASENG BORIBOUNE, *et al.*,

*Plaintiffs-Appellants*,

v.

GERALD BERGE, *et al.*,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 04-C-0015-C—**Barbara B. Crabb**, *Chief Judge.*

_____

SUBMITTED NOVEMBER 2, 2004—DECIDED DECEMBER 6, 2004

_____

Before BAUER, POSNER, and EASTERBROOK, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Four inmates of Wisconsin's top-security prison filed this suit under 42 U.S.C. §1983 and asked the district judge to allow them to proceed *in forma pauperis* under 28 U.S.C. §1915. Although Fed. R. Civ. P. 20 authorizes the joinder of these claims and parties, the district judge dismissed the complaint before the defendants had been served with process, and without reaching the merits. In *Lindell v. Litscher*, 212 F. Supp. 2d 936 (W.D. Wis. 2002), the judge had announced that, notwithstanding Rule 20, she would not allow prisoners to litigate jointly *in*

*forma pauperis*, and she applied that ruling to this complaint. In response to a motion for reconsideration, the judge elaborated on her reasons. 2004 U.S. Dist. LEXIS 3926 (W.D. Wis. Mar. 8, 2004). She explained that the need to apportion one filing fee among multiple plaintiffs and collect small sums under §1915(b)(1) not only would produce an administrative headache but also would reduce the deterrence to frivolous litigation that the enactment of that provision, as part of the Prison Litigation Reform Act, was supposed to produce. Likewise it will be hard to know which plaintiffs should be assessed "strikes" under §1915(g) when some but not all of the claims are frivolous or dismissed under Rule 12(b)(6). Moreover, the judge stated, some prisoners may forge others' signatures or otherwise attempt to act on behalf of their fellow plaintiffs, although only members of the bar are allowed to litigate as agents.

Some of the district judge's reasons are unrelated to the PLRA. Jailhouse "lawyers" surely overstepped their roles on occasion before the PLRA, and they may do so even if multiple prisoners prepay all fees and thus avoid §1915. Civil cases can be complex whether or not any plaintiff is a prisoner, and the rules provide palliatives: severance or pretrial orders providing for a logical sequence of decision. See Fed. R. Civ. P. 16, 20(b), 21, 42(b).

Still, the district judge's concerns about the interaction of Rule 20 and the PLRA are substantial. Joint litigation could undermine the system of financial incentives created by the PLRA. Prisoners who could afford the filing fee (at least on the §1915(b) installment plan) doubtless prefer joint litigation if many prisoners then share the cost of one filing fee; prisoners who have "struck out" under §1915(g) and thus must prepay all filing fees unless "under imminent danger of serious physical injury", see *Lewis v. Sullivan*, 279 F.3d 526 (7th Cir. 2002), may hope to tag along on a joint complaint; and litigation with disparate parties and claims under Rule 20 may be cumbrous. It does not follow,

however, that §1915 has superseded Rule 20. The PLRA does not mention Rule 20 or joint litigation. Repeal by implication occurs only when the newer rule is logically incompatible with the older one. See, e.g., *Branch v. Smith*, 538 U.S 254, 273 (2003); *J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred International, Inc.*, 534 U.S. 124, 141-44 (2001). And there is no irreconcilable conflict between Rule 20 and the PLRA: joint litigation does not relieve prisoners of any duties under the more recent statute. Rules adopted long before the PLRA forbid joinder in prisoners' collateral attacks on their convictions; each petition must be directed to a single criminal judgment. Rule 2(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts; Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts. (Amendments effective December 1, 2004, change the subsection references but not their substance.) No comparable provision appears in the Federal Rules of Civil Procedure or the PLRA. Courts must honor the difference between the prohibition in Rules 2(c) and 2(d) and the grant of permission in Rule 20.

Although spreading the cost of a filing fee would erode prisoners' incentive to think carefully before filing, and increase the number of weak claims, that sort of effect is well short of incompatibility. The district judge gave a reason why Congress may want to curtail joinder in prisoners' civil litigation, but a reason to do something differs from having *done* it. Moreover, joint litigation creates countervailing costs. A prisoner litigating on his own behalf takes the risk that one or more of his claims may be deemed sanctionable under Fed. R. Civ. P. 11, or may count toward the limit of three weak *forma pauperis* claims allowed by §1915(g). A prisoner litigating jointly under Rule 20 takes those risks for *all* claims in the complaint, whether or not they concern him personally. Sharing works both ways; detriments as well as costs are parceled out among plaintiffs. Rule 11 requires all unrepresented plaintiffs to sign the complaint,

and the signature conveys all of the representations specified by Rule 11(b) for the entire complaint. Likewise §1915(g) limits to three the number of IFP complaints or appeals that were "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted". This language refers to the complaint or appeal as a whole; thus when any claim in a complaint or appeal is "frivolous, malicious, or fails to state a claim upon which relief may be granted", all plaintiffs incur strikes. Many prisoners may think that the risks of joint litigation under Rule 11 and §1915(g) exceed the gains of sharing the filing fee. One could imagine situations in which joined claims lack overlap, and in which it would be inappropriate to attribute Plaintiff A's claim to Plaintiff B for the purpose of "strikes"; but then joinder may be impermissible under Rule 20 itself, or severance appropriate. When claims are related enough to be handled together, they are related enough for purposes of §1915(g) as well.

Because the PLRA does not repeal or modify Rule 20, district courts must accept complaints filed by multiple prisoners if the criteria of permissive joinder are satisfied. There remains the question how much each plaintiff owes. The district judge supposed that the court collects only one filing fee per complaint or appeal. This creates difficult problems of apportionment when some plaintiffs have funds in their trust accounts, others do not, and still others have "struck out" under §1915(g) and can no longer proceed *in forma pauperis*. The judge's assumption—one filing fee per suit, rather than per litigant—reflects the norm in civil litigation. But one circuit has concluded that the PLRA modified this approach and obliges prisoners seeking to proceed *in forma pauperis* to pay one fee apiece. *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001). No other decision has considered this question; although the sixth circuit shares the district judge's assumption that a single fee must be apportioned, see *Talley-Bey v. Knebl*, 168 F.3d 884 (6th

Cir. 1999); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137-38 (6th Cir. 1997), it did not discuss the matter. We think that *Hubbard* got this right—which means that permissive joinder under Rule 20 turns out not to impair the PLRA's financial incentives after all.

Section 1915(b)(1) says, among other things, that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." *Hubbard* concluded that this language requires each prisoner seeking to litigate *in forma pauperis* to pay (or arrange to pay in installments) the full filing fee, whether or not anyone else is a co-plaintiff. It is hard to read this language any other way. Section 1914(a) is the source of the filing fee: "The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $150 except that on application for a writ of habeas corpus the filing fee shall be $5." Although §1914(a) does not say so directly, it implies that the $150 fee is per case rather than per litigant; the "parties" pay $150. (Section 1913, which deals with appellate fees, and §1914(b), which deals with additional fees in the district court, authorize the Judicial Conference to set an amount and do not hint at the choice between per-case and per-litigant fees.) Section 1915(b)(1), by contrast, specifies a per-litigant approach to fees.

A per-litigant approach is a natural concomitant to a system that makes permission to proceed *in forma pauperis* (and the amount and timing of payments) contingent on certain person-specific findings, see §1915(a), (c), §1915A, including the number of unsuccessful suits or appeals the prisoner has pursued *in forma pauperis*, see §1915(g), and the balance in the prisoner's trust account, see §1915(b). Most of the administrative problems that the district court perceived in permissive joinder come from the poor match between the person-specific system established by the

PLRA and an attempt to apportion one fee among multiple prisoners whose litigation histories and trust balances differ. These difficulties vanish if we take §1915(b)(1) at face value and hold that one price of *forma pauperis* status is each prisoner's responsibility to pay the full fee in installments (or in advance, if §1915(g) applies), no matter how many other plaintiffs join the complaint.

Instead of adopting a no-joinder rule, the district court should have ensured that each of the four prisoners was assessed one full filing fee under §1915(b)(1). District judges may think it sound to alert prisoners to this requirement— as well as the risk under Rule 11 and §1915(g) that they will be held accountable for their co-plaintiffs' claims—and give them an opportunity to drop out. Complaints about prison-wide practices do not require more than one plaintiff. Complaints with a common core plus additional claims by different prisoners increase each plaintiff's risks under Rule 11 and §1915(g) without a corresponding reduction in the filing fee; many prisoners will opt to litigate by themselves once they understand this, and the process will simplify litigation as the district judge hoped her approach would do. This can be accomplished, without any insult to Rule 20, by ensuring that prisoners understand how Rule 11, §1915(b)(1), and §1915(g) work together.

VACATED AND REMANDED

No. 04-1847                                                    7

A true Copy:

    Teste:

                           _____
                           *Clerk of the United States Court of*
                              *Appeals for the Seventh Circuit*