**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted October 17, 2007[*]
Decided October 22, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** DANIEL A. MANION, Circuit Judge

**Hon.** MICHAEL S. KANNE, Circuit Judge

No. 07-1291

WARREN GAMEAL LILLY, JR.,
    *Plaintiff-Appellant*,

*v.*

PAMELA WALLACE, *et al.*,
    *Defendants-Appellees*.

Appeal from the United States District Court for the Western District of Wisconsin.

No. 06-C-692-C

Barbara B. Crabb, *Chief Judge*.

**Order**

Warren Lilly, a prisoner of Wisconsin, tendered a civil complaint together with an application for leave to proceed as a pauper under 28 U.S.C. §1915. The district court concluded that Lilly is ineligible for that status because at least three of his prior suits or appeals had been dismissed on the grounds specified in §1915(g). The judge therefore told Lilly that he must pay the normal filing fee before his case could commence. When Lilly failed to pay, the suit was dismissed.

The district court concluded that Lilly had accumulated four "strikes": two each in *Busk v. Frank*, No. 06-C-575-CNC (E.D. Wis. Sept. 26, 2006), and *Lilly v. Torhorst*, No. 06-C-08-C (W.D. Wis. Feb. 13, 2006), appeal dismissed, No. 06-1536 (7th

---

[*] Appellees notified the court that they had not been served with process and would not participate in the appeal. After examining appellant's brief and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Cir. Apr. 20, 2006). Lilly was one of two plaintiffs in *Busk*, and the district court relied on *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), for the proposition that all plaintiffs receive "strikes" when a joint suit is dismissed as frivolous or otherwise covered by §1915(g). Lilly reads this as saying that because there were two plaintiffs the district judge counted two strikes for each, which would be a mistake but is not what the judge did. Instead the judge counted *Busk* as two because there was both a suit (dismissed as frivolous) and an appeal. That's not right, however, because Busk appealed on his own behalf only. So *Busk* counts only once against Lilly.

But *Torhorst* counts twice, because the district judge not only dismissed the suit as frivolous but also certified that an appeal would be frivolous, and this court agreed, denying Lilly permission to appeal as a pauper. Thus *Torhorst* produced two countable "suits or appeals" under §1915(g). See *Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997). And there are more. *Lilly v. Jess*, No. 05-C-490-C (W.D. Wis. Oct. 20, 2005), was dismissed as frivolous, and we deemed the appeal frivolous as well, No. 05-4314 (7th Cir. July 19, 2006). That's two more, for a total of five strikes; we need not search for additional litigation that Lilly may have filed.

This means not only that the district court was right to demand that Lilly prepay the full fee but also that our order allowing him to proceed as a pauper in this court is incorrect and is now rescinded. This does not relieve Lilly of the need to pay the $455 filing and docket fees for this appeal, however; the district court will collect these fees from Lilly's prison trust account through the mechanism established by §1915(b). What is more, if Lilly again tries to commence a civil suit or appeal without prepaying the necessary fees, or meeting the imminent-danger standard of §1915(g), we will enter an order directing the clerks of all courts within this circuit to return his papers unfiled, under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

AFFIRMED