STATE of Wisconsin EX REL. Titus HENDERSON,
Petitioner-Appellant,

v.

Rick RAEMISCH and Peter Huibregtse,
Respondents-Respondents.

Court of Appeals

*No. 2009AP1850. Submitted on the briefs March 8, 2010.
—Decided July 22, 2010.*

2010 WI App 114

(Also reported in 790 N.W.2d 242.)

109

Before Dykman, P.J., Vergeront and Higginbotham, JJ.

¶ 1. HIGGINBOTHAM, J. The issue presented in this case is whether the partial dismissal of a prisoner lawsuit counts as a "strike" for purposes of the "three-strike" provision contained in WIS. STAT. § 801.02(7)(d) (2007–08)[1] of the Wisconsin Prisoner Litigation Reform Act (PLRA). Titus Henderson, a prisoner confined at Wisconsin Secure Program Facility (WSPF), appeals the circuit court's denial of his request for waiver of prepayment fees and costs, and the dismissal of his

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

underlying petition for certiorari review of the dismissal of an inmate complaint.

¶ 2.  Henderson contends that he is entitled to waiver of prepayment fees and costs. He maintains that the court erred in concluding that he had accumulated four strikes within the meaning of WIS. STAT. § 801.02(7)(d) because it improperly counted partial dismissals of prior suits as strikes.[2] Because § 801.02(7)(d) plainly provides that a dismissal must be of an "appeal, writ of error, action or special proceeding" to be counted as a strike, and a partial dismissal—i.e., the dismissal of a claim or claims from a suit that proceeds on one or more viable claims—is not the dismissal of an "action," we agree that the court improperly counted partial dismissals as strikes. Applying the proper interpretation of § 801.02(7)(d), we conclude that none of the four cases counted as strikes by the circuit court were strikes under § 801.02(7)(d). We therefore conclude that Henderson is entitled to waiver of prepayment fees and costs. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

## BACKGROUND

¶ 3.  On March 21, 2008, Henderson filed a petition seeking certiorari review of a hearing examiner's

---

[2] Henderson also contends that the return issued by the respondents was not responsive to the writ in this case, and asks that we order the respondents to supplement the record. The circuit court did not reach this issue because it dismissed Henderson's action upon determining he had "struck out" under WIS. STAT. § 801.02(7)(d). We decline to address this issue because it has not been sufficiently developed for us to adequately review on appeal, and may present questions of fact that are best addressed to the circuit court.

dismissal of an offender complaint, and a petition for waiver of prepayment fees and costs based on indigency. The substance of Henderson's offender complaint is not pertinent to the issues raised in this appeal. Henderson obtained certification from the Wisconsin Department of Justice indicating that he had not acquired three or more strikes within the meaning of WIS. STAT. § 801.02(7)(d)[3] for filing or appealing suits dismissed for one of the reasons set forth in WIS. STAT. § 802.05(4)(b).[4] The circuit court denied the fee waiver petition on grounds that Henderson had failed to pro-

---

[3] WISCONSIN STAT. § 801.02(7)(d) provides as follows:

If the prisoner seeks leave to proceed without giving security for costs or without the payment of any service or fee under s. 814.29, the court shall dismiss any action or special proceeding, including a petition for a common law writ of certiorari, commenced by any prisoner if that prisoner has, on 3 or more prior occasions, while he or she was incarcerated, imprisoned, confined or detained in a jail or prison, brought an appeal, writ of error, action or special proceeding, including a petition for a common law writ of certiorari, that was dismissed by a state or federal court for any of the reasons listed in s. 802.05(4)(b)1. to 4. The court may permit a prisoner to commence the action or special proceeding, notwithstanding this paragraph, if the court determines that the prisoner is in imminent danger of serious physical injury.

[4] WISCONSIN STAT. § 802.05(4)(b) provides as follows:

The court may dismiss the [prisoner's] action or special proceeding under par. (a) without requiring the defendant to answer the pleading if the court determines that the action or special proceeding meets any of the following conditions:

1. The action or proceeding is frivolous, as determined by a violation of sub. (2).

2. The action or proceeding is used for any improper purpose, such as to harass, to cause unnecessary delay or to needlessly increase the cost of litigation.

3. The action [or] proceeding seeks monetary damages from a defendant who is immune from such relief.

114

vide documentation demonstrating exhaustion of all administrative remedies for certain claims raised in the certiorari petition.

¶ 4. After the court denied a motion to reconsider, Henderson appealed the court's decision to this court. We construed Henderson's appeal as a petition for supervisory writ, *State of Wisconsin ex rel. Henderson v. Rick Raemisch*, 2008AP1563–W, unpublished slip order (August 22, 2008), and subsequently ordered the circuit court to grant Henderson's fee waiver petition. *Henderson*, 2008AP1563–W, unpublished slip order (September 30, 2008). We explained that, rather than deny the fee waiver, the better practice was to grant the waiver and permit the respondents to seek dismissal of those claims for which administrative remedies had not been exhausted.

¶ 5. On remand, the respondents, Department of Corrections Secretary Rick Raemisch and WSPF Warden Peter Huibregtse (collectively, "Raemisch"), filed a motion for reconsideration with the circuit court, alleging that Henderson had acquired four strikes within the meaning of WIS. STAT. § 801.02(7)(d), and therefore was not entitled to waiver of prepayment fees and costs. Raemisch cited a recent decision of the United States District Court for the Western District of Wisconsin, *Henderson v. Brush*, No. 06–C–12–C, 2009 WL 679601 (W.D. Wis. Mar. 12, 2009), which concluded that Henderson had accumulated four strikes within the meaning of the federal PLRA, 28 U.S.C. § 1915(g).[5] In determin-

---

4. The action or proceeding fails to state a claim upon which relief may be granted.

[5] Section 1915(g) of 28 U.S.C. provides as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the

ing that Henderson had four strikes, the district court counted any prior case in which Henderson had at least one claim within the suit dismissed on grounds of frivolousness or failure to state a claim, consistent with the approach to counting strikes under the federal PLRA adopted by the United States Court of Appeals for the Seventh Circuit in *George v. Smith*, 507 F.3d 605, 607–08 (7th Cir. 2007), and *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004).

¶ 6. The circuit court granted Raemisch's motion to reconsider, and dismissed Henderson's petition for waiver of prepayment fees and costs and his underlying certiorari petition. The court treated the language of the Wisconsin PLRA as substantially identical to that of the federal statute, and adopted the strike-counting approach of *George* and *Boriboune*. Henderson appeals.

## DISCUSSION

■

¶ 7. The primary issue we must decide in this case is whether a partial dismissal of a lawsuit counts as a strike for purposes of the three-strikes provision contained in Wis. Stat. § 801.02(7)(d), Wisconsin's PLRA. This requires us to interpret § 801.02(7)(d), a matter of law that we decide independently of the circuit court, but benefitting from its analysis. *See Pawlowski v. American Family Mut. Ins. Co.*, 2009 WI 105, ¶ 15, 322 Wis. 2d 21, 777 N.W.2d 67.

prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

██

¶ 8. "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d. 110. If a statute's meaning is plain from the language of the statute, we ordinarily stop the inquiry. *See id.*, ¶ 45. "[S]tatutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶ 46. "If this process of analysis yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning." *Id.* (citation omitted).

¶ 9. In the discussion that follows, we set forth the pertinent language of the three-strike provision of the Wisconsin PLRA, which we determine to be identical to the pertinent language of the federal PLRA's three-strike provision. We then examine the Seventh Circuit's interpretation of the federal PLRA in *George* and *Boriboune*, and we compare the Seventh Circuit's approach to that of other federal circuit courts. In light of these various interpretations of the federal statute, we return to the pertinent language of the Wisconsin PLRA to ascertain its meaning.

██

¶ 10. The PLRA, a set of provisions found in multiple sections of the Wisconsin statutes, imposes various conditions that limit the ability of prisoners to bring civil suits. *State ex rel. Cramer v. Wisconsin Court of Appeals*, 2000 WI 86, ¶ 20, 236 Wis. 2d 473, 613 N.W.2d 591. Among these conditions is the so-called "three-strikes" rule. *See* WIS. STAT. § 801.02(7)(d). This

117

provision states that a court must dismiss any action or special proceeding, including a common law writ of certiorari, brought by a prisoner seeking waiver of prepayment fees and costs who has had, on three or more occasions, "an appeal, writ of error, action or special proceeding, including a common law writ of certiorari," dismissed by a state or federal court for a reason specified by statute. *Id.* These reasons for dismissal include that the action or proceeding: failed to state a claim; was frivolous; was brought for an improper purpose, such as to harass, cause unnecessary delay or to increase the costs of litigation; or sought monetary damages from a defendant who is immune from such relief. WIS. STAT. § 802.05(4)(b)1.-4.

¶ 11. The circuit court relied on the Seventh Circuit's interpretation of the federal PLRA in *George* and *Boriboune* in determining that partial dismissals in prior cases were properly counted as strikes against Henderson. "The inspiration for passage of the [Wisconsin] PLRA came from the federal PLRA." *Cramer*, 236 Wis. 2d 473, ¶ 38. As pertinent, the federal statute prohibits prisoners from bringing a civil action or an appeal of a civil action or proceeding if the prisoner has, on three or more prior occasions, "brought an action or appeal" in a state or federal court that was dismissed on grounds of frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g).

¶ 12. We note that the Wisconsin PLRA is not identical to the federal PLRA in all respects. For example, the scope of prisoner litigation targeted by Wisconsin's statute is broader; the federal PLRA targets inmate suits related to confinement conditions, while Wisconsin's PLRA applies to prisoner litigation more broadly. *Cramer*, 236 Wis. 2d 473, ¶ 39. However, with regard to the issue presented in this appeal, the

118

pertinent language of the federal statute is identical to that of the state statute. Under both the Wisconsin and federal PLRA, the dismissal of an "action" is a strike for purposes of the three-strike provision, and, as we explain later, whether a partial dismissal is the dismissal of an "action" is the issue we must decide here.

¶ 13.   Having determined that the pertinent language of the federal statute mirrors that of the Wisconsin PLRA, we consider the Seventh Circuit Court of Appeals' interpretation of the federal PLRA upon which the state circuit court relied. In *Boriboune*, the federal circuit court discussed the counting of strikes within the context of addressing the issue of whether prisoners could litigate jointly *in forma pauperis* (IFP) under 28 U.S.C. § 1915(g). *Boriboune*, 391 F.3d at 853–55. In concluding that nothing in § 1915 precluded the prisoners from litigating jointly, the court cautioned that joint litigation comes with a risk for prisoners, who may accumulate strikes under § 1915(g) for the dismissal of claims brought in joint litigation that do not concern them personally. *Id.* at 854–55. "[W]hen *any claim* in a complaint or appeal is 'frivolous, malicious, or fails to state a claim upon which relief may be granted,'" explained the *Boriboune* court, "all plaintiffs incur strikes." *Id.* at 855 (emphasis added). The *Boriboune* court's analysis thus assumed that a partial dismissal —dismissal of one or more claims from a suit stating other claims that survived a motion to dismiss—results in the counting of a strike under § 1915(g).[6]

---

[6] On remand, the district court in the *Boriboune v. Berge* case examined the above-cited language in the Seventh Circuit court's decision and concluded the appellate court did not interpret 28 U.S.C. § 1915(g) to require the counting of a strike for the dismissal of any claim within an action. *Boriboune v.*

¶ 14. In *George*, the Seventh Circuit more squarely addressed the issue of whether a partial dismissal counts as a strike. There, a prisoner joined twenty-four defendants and approximately fifty claims in a single suit. *George*, 507 F.3d at 607. The court found that the prisoner's claims should have been brought in multiple suits under the federal rules of civil procedure, and alleged that, by bringing so many claims in a single suit, the prisoner was "trying . . . to dodge" the three-strikes rule of 28 U.S.C. § 1915(g). *Id.* The prisoner, in the *George* court's view, "hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no 'strikes' at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits." *Id.* The *George* court quoted the "any claim" language in *Boriboune* in concluding that the filing of a complaint that contains one or more claims dismissed for a reason stated in § 1915(g) counts as a strike under the federal statute's three-strikes rule. *Id.* at 607–608.

¶ 15. One other federal circuit court has concluded that partial dismissals count as strikes under the three-strikes provision of 28 U.S.C. § 1915(g). *See Comeaux v. Cockrell*, 72 Fed. Appx. 54, 55 (5th Cir. 2003) (counting as a strike the dismissal of claims as malicious where remaining claims were later dismissed

---

*Berge*, 04–C–15–C, 2005 WL 1320345 (June 1, 2005) ("I conclude that the court of appeals did not intend to suggest that courts are to issue strikes for legally meritless 'claims' as that term is traditionally understood in the pleading context . . . . The most reasonable interpretation of the court's holding is that an 'action' within a group complaint is 'the total accumulation of a particular litigant's claims within the lawsuit.' ") However, *George v. Smith*, 507 F.3d 605, 607–608 (7th Cir. 2007), resolved any doubt that the Seventh Circuit interprets § 1915(g) to require the counting of a strike for the dismissal of any claim within an action.

for prisoner's failure to comply with court orders); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463–64 (5th Cir. 1998) (counting as a strike the dismissal of a claim where the suit included an unexhausted habeas claim that was dismissed without prejudice).

¶ 16. However, at least one federal circuit court takes a different view of 28 U.S.C. § 1915(g) and does not count partial dismissals as strikes. *See Powells v. Minnehaha County Sheriff Dep't*, 198 F.3d 711, 712 (8th Cir. 1999). In *Powells*, the Eighth Circuit Court of Appeals overturned a district court's denial of IFP status to a prisoner by concluding that one of the three suits counted as strikes against the prisoner was improperly counted because the suit, in which multiple claims were dismissed, stated one claim that was improperly dismissed. *Id.*

¶ 17. Moreover, other circuits have interpreted related provisions of the federal PLRA in a manner that suggests they would not count partial dismissals as strikes. The Ninth Circuit in *Lira v. Herrera*, 427 F.3d 1164 (9th Cir. 2005), addressed whether 42 U.S.C. § 1997e(a)[7] of the PLRA required district courts to dismiss an entire action because the action included one or more unexhausted claims.[8] As pertinent, § 1997e(a) provides that "[n]o action shall be brought . . . by a

---

[7] Section 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

[8] The Supreme Court later addressed this same issue in *Jones v. Bock*, 549 U.S. 199, 219–24 (2007), concluding that the PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims in the complaint.

prisoner . . . until such administrative remedies as are available are exhausted." The *Lira* court's analysis focused on the use of the word "action" within § 1997e(a), and concluded that the use of this word did not indicate that inclusion of an exhausted claim would result in dismissal of the entire complaint. *Id.* at 1171–72. The court noted that such an interpretation would render § 1997e(c)(2) superfluous, which provides for the dismissal of unexhausted individual claims within a complaint. *Id.* at 1172. For our purposes, *Lira* is notable for its treatment of "action" as a proceeding in its entirety; the Ninth Circuit's decision explains that " 'action' in the PLRA refers to the case as a whole." *Id.* at 1173.

¶ 18. The Second Circuit in *Snider v. Melindez*, 199 F.3d 108, 111–12 (2nd Cir. 1999), addressed the purposes of 42 U.S.C. § 1997e(a) and the three-strikes provision of 28 U.S.C. § 1915(g) in deciding the issue of whether "failure to state a claim" in §§ 1915(g) and 1997e(a) included failure to exhaust administrative remedies. The *Snider* court concluded that, absent a finding that the failure to exhaust permanently bars the suit, the failure to state a claim did not include failure to exhaust administrative remedies. *Id.* at 112. As relevant here, the *Snider* court described the dismissal referred to in the three-strikes provision of § 1915(g) as "one that *finally* terminates the action because of a determination that it ultimately cannot succeed." *Id.* at 111.

> [W]e believe Section 1915(g)'s mandate that prisoners may not qualify for IFP status if their suits have thrice been dismissed on the ground that they were "frivolous, malicious, or fail[ed] to state a claim" was intended to apply to nonmeritorious suits dismissed with prejudice, not suits dismissed without prejudice for failure to comply with a procedural prerequisite.

*Id.*

¶ 19. In sum, our survey of the federal case law reveals that the Seventh Circuit's view that the dismissal of a claim for a reason specified in 28 U.S.C. § 1915(g) counts as a strike does not represent a consensus interpretation of § 1915(g). Rather, there is no clear agreement among the federal circuits on the answer to the question of whether a partial dismissal counts as a strike for purposes of the three-strikes provision of § 1915(g).

¶ 20. With these competing interpretations of the federal analogue to the state statute in mind, we return to the Wisconsin PLRA to determine whether partial dismissals are counted as strikes under WIS. STAT. § 801.02(7)(d). In seeking to ascertain the meaning of § 801.02(7)(d), we start, as always, with the language of the statute. *See Seider v. O'Connell,* 2000 WI 76, ¶ 31, 236 Wis. 2d 211, 612 N.W.2d 659 (statutory interpretation begins with the statutory language).

¶ 21. In pertinent part, WIS. STAT. § 801.02(7)(d) provides that, when a prisoner seeks waiver of prepayment fees and costs, a court must dismiss any action commenced by a prisoner who has "on 3 or more prior occasions . . . brought an appeal, writ of error, action or special proceeding, including . . . a common law writ of certiorari, that was dismissed by state or federal court for any of the reasons listed in s. 802.05(4)(b) 1. to 4." In counting strikes against Henderson, the circuit court included partial dismissals, i.e. suits in which one or more claims were dismissed and one or more viable claims were allowed to proceed. The proceedings that were counted as strikes against Henderson were "actions," not appeals, writs of error or special proceedings. Thus, whether Henderson's partial dismissals were properly counted as strikes under the Wisconsin PLRA depends on whether the dismissal of a claim or claims

within a suit that proceeded on one or more viable claims constitutes the dismissal of an "action" within the meaning of the PLRA. For the reasons provided below, we conclude that it does not.

¶ 22. First, such an interpretation is contrary to the usual meaning of the legal term "action." "Action" is not defined within WIS. STAT. § 801.02(7) or other portions of the PLRA. However, "action" is used in other sections of the civil procedure statutes to refer to an entire proceeding, not to one or more parts within a proceeding. For example, WIS. STAT. § 801.01(1) states that an "action" is a "[p]roceeding in the courts." Under WIS. STAT. § 893.415(1), relating to actions to collect support payments, an "action means any proceeding brought before a court, whether commenced by a petition, motion, order to show cause, or other pleading." Similarly, "action" as it is used in the various subsections of WIS. STAT. § 801.02 relating to the commencement of a civil action plainly refers to an entire proceeding. *See* §§ 801.02(1) ("a civil action . . . is commenced as to any defendant when a summons and a complaint are filed"); 801.02(3)(a) (authenticated copies of complaint and summons shall be served together except "[i]n actions in which a personal judgment is sought" where the summons is served by publication); 801.02(4) ("[n]o service shall be made under sub. (3) until the action has been commenced in accordance with sub. (1) or (2)").

¶ 23. Wisconsin cases addressing the meaning of the word "action" in other contexts have likewise concluded that the term refers to an entire proceeding, lawsuit or controversy. "An 'action' . . . as used in the Wisconsin statutes means 'a lawsuit brought in a court' . . . ." *DiBenedetto v. Jaskolski*, 2003 WI App 70, ¶ 26, 261 Wis. 2d 723, 661 N.W.2d 869 (concluding that

124

Wis. Stat. § 893.88, which bars an "action" for paternity brought after the child's nineteenth birthday, did not apply to motions to determine paternity brought in an estate proceeding because a "motion" is not an "action"). "The word 'action' in the Wisconsin statutes denotes the entire controversy at issue." *Gowan v. McClure*, 185 Wis. 2d 903, 912, 519 N.W.2d 692 (Ct. App. 1994) (interpreting "action" as it is used in the voluntary dismissal statute, Wis. Stat. § 805.04(1)).

¶ 24. Similarly, BLACK'S LAW DICTIONARY 28 (6th ed. 1990) states that the "[t]erm [action] in its usual legal sense means a lawsuit brought in a court." BLACK'S further states that the word action "includes all of the formal proceedings in a court of justice attendant upon the demand of a right made by one person of another in such court, including an adjudication upon the right and its enforcement or denial by the court." *Id.* The State does not recommend any alternative definitions of the word "action."

¶ 25. By contrast, the term "claim" in the pleading context refers to a part of a proceeding and not to a proceeding, lawsuit or controversy in its entirety. The joinder statute, for example, provides that "two claims may be joined in a single action" under certain circumstances. *See* Wis. Stat. § 803.02(2). WISCONSIN STAT. § 802.04, relating to the form of pleadings, states that, "if the action includes a claim for a money judgment," a statement that the amount sought exceeds $5,000 is required. Likewise, BLACK'S defines "claim" in the pleading context as "[a] cause of action." BLACK'S LAW DICTIONARY 247 (6th ed. 1990).

¶ 26. Thus, relying on the authorities discussed above, we conclude that "action," as it is used in Wis. Stat. § 801.02(7)(d), denotes an entire legal proceeding,

lawsuit or controversy. By definition, a partial dismissal or the dismissal of a claim or claims when the suit proceeds on other valid claims is not the dismissal of an "action" within the meaning of § 801.02(7)(d). Accordingly, a partial dismissal does not count as a strike under the three-strikes provision of Wisconsin's PLRA.

¶ 27. The State urges us to adopt the Seventh Circuit's approach to the counting of strikes discussed in detail above. Just as we are not bound by a federal court's interpretation of state law, *Johnson v. County of Crawford*, 195 Wis. 2d 374, 383, 536 N.W.2d 167 (Ct. App. 1995), we are not bound by a federal court's interpretation of the federal-law analogue to a state law. We have thoroughly examined *George* and *Boriboune*, and we find their analysis to be unpersuasive. Notably, neither case engages the pertinent text of 28 U.S.C. § 1915(g). Neither *George* nor *Boriboune* addresses the meaning of the word "action" in the phrase "on three or more occasions . . . brought an action or appeal in a court of the United States that was dismissed" in concluding that dismissal of any "claim" counts as a strike under the federal PLRA.

¶ 28. The State also suggests we should interpret the three-strikes provision of Wisconsin's PLRA expansively to curb prisoner litigation in light of *Cramer* and *State ex rel. Harr v. Berge*, 2004 WI App 105, ¶ 10, 273 Wis. 2d 481, 681 N.W.2d 282. Both *Cramer* and *Berge* observe that, while the federal PLRA was the impetus for Wisconsin's PLRA, the state law is in many respects broader in its scope and purposes. As noted, the state law is broader than its federal counterpart in that it targets prisoner litigation generally, not just conditions of confinement cases. *Cramer*, 236 Wis. 2d 473, ¶ 39.

126

Moreover, while both the federal and state PLRA seek to deter frivolous lawsuits, the Wisconsin law has the additional purpose of limiting taxpayer subsidy of prisoner litigation. *Harr*, 273 Wis. 2d 481, ¶ 10. These general purposes, however, do not trump the express legislative intent of Wis. Stat. § 801.02(7)(d), which plainly authorizes the counting of a strike for the dismissal of an "action," not for the dismissal of a claim or the partial dismissal of an action.

¶ 29.   Applying this interpretation of Wis. Stat. § 801.02(7)(d) to Henderson's case, we conclude that the circuit court erred in concluding that Henderson had accumulated four strikes. The circuit court relied on the federal district court's analysis of Henderson's prior cases in *Henderson*, No. 06–C-12–C (Mar. 12, 2009). Our review of the four cases counted as strikes indicates that each of these cases included at least one claim that was not dismissed for one of the reasons specified in Wis. Stat. § 802.05(4):

- *Henderson v. Belfuel*, 03–C-729–C, 2004 WL 602642 (W.D. Wis. Mar. 16, 2004) (denying motion to dismiss as to three claims; case went to trial, *see Belfuel*, 03–C-729–C, 2005 WL 2296999 (Mar. 16, 2009));

- *Henderson v. Kool*, 05–C-157–C, 2005 WL 955349 (W.D. Wis. Apr. 25, 2005) (denying motion to dismiss as to one claim; case later dismissed without prejudice for failure to exhaust administrative remedies, *see Kool*, 05–C-157–C, 2005 WL 3088358 (Nov. 17, 2005));

- *Henderson v. Brush*, 06–C-12–C, 2006 WL 561236 (W.D. Wis. Mar. 6, 2006) (denying motion to dismiss as to sixteen claims; case later dismissed for improper venue, *see Brush*, 06–C-12–C, 2009 WL 425942 (Feb. 19, 2009)); and

• *Henderson v. Morris*, 06–C–407–C, 2006 WL 3328036 (W.D. Wis. Nov. 14, 2006) (denying motion to dismiss as to two claims; case later dismissed on summary judgment for reasons other than those set forth in § 802.05(4), *see Henderson v. Huibregste*, 06–C–407–C, 2007 WL 1821094 (W.D. Wis. June 21, 2007)).

Accordingly, we conclude that none of these cases were properly counted as strikes under § 801.02(7)(d). Henderson is therefore entitled to waiver of prepayment fees and costs.

### CONCLUSION

¶ 30. In sum, we conclude that the circuit court improperly counted partial dismissals of cases in determining that Henderson had "struck out" under Wis. Stat. § 801.02(7)(d). We so conclude because § 801.02(7)(d) plainly provides that a dismissal must be of an "appeal, writ of error, action or special proceeding" to be counted as a strike, and a partial dismissal—i.e., the dismissal of a claim or claims from a suit that proceeds on one or more viable claims—is not the dismissal of an "action" within the meaning of the statute. Our review of the four cases counted as strikes by the circuit court shows that none were strikes under § 801.02(7)(d). We therefore conclude that Henderson is entitled to waiver of prepayment fees and costs. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

*By the Court.* —Judgment reversed.