S.P.A., a minor, by and through her Guardian ad Litem, Stephanie A. Ball, Shirley Anderson and Milton Anderson, Plaintiffs-Respondents,

v.

Grinnell Mutual Reinsurance Company, Defendant,

Northwoods Bus Service, Inc., Defendant-Third-Party Plaintiff,

Northwood School District and EMC Insurance Companies, Defendants-Appellants,

v.

Auto-Owners Insurance Company, Third-Party Defendant.

Court of Appeals

*No. 2009AP1881. Submitted on briefs November 16, 2010. —Decided February 8, 2011.*

2011 WI App 31

(Also reported in 796 N.W.2d 874.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Jeffrey A. Schmeckpeper* and *Patti J. Kurth* of *Kasdorf, Lewis & Swietlik, S.C.*, Milwaukee.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Stephanie A. Ball* of *Fryberger, Buchanan, Smith & Frederick, P.A.*, Duluth, Minnesota.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. HOOVER, P.J. Northwood School District and EMC Insurance Companies (Northwood) appeal an order requiring disclosure of confidential pupil records under WIS. STAT. § 118.125(2)(f).[2] Northwood argues that no records may be disclosed under this statute until after witnesses have testified at trial, that the circuit court failed to apply the statutory criteria when granting disclosure, and that the order failed to include proper limiting instructions. We conclude a court need not wait until trial to disclose pupil records and may instead base its decision on the review of deposition testimony. Further, a court need not include language in the order limiting the records' use. Nonetheless,

---

[2] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

because the court here failed to both address the statutory criteria and indicate whether it had reviewed any deposition testimony, we reverse the order.

## BACKGROUND

¶ 2. A civil complaint alleged the following. S.P.A., a developmentally delayed female, rode the bus to school when she was five years old. M.S., a fifteen-year-old boy who rode the same bus, had a history of abusing S.P.A. and other children and he threatened them not to tell their parents. Ultimately, M.S. urinated into a bottle and forced S.P.A. to drink it.

¶ 3. S.P.A. sued Northwood and Northwoods Bus Service, Inc., alleging they knew of M.S.'s behavioral problems and were negligent for failing to protect S.P.A., properly supervise pupils, and report abuse. Prior to trial, S.P.A. sought copies of M.S.'s pupil records. Northwood refused, claiming the records were confidential under Wis. Stat. § 118.125(2). The court ordered Northwood to submit the records to the court for an in camera inspection, as required by Wis. Stat. § 118.125(2)(f). Additionally, S.P.A. provided the court with transcripts of deposition testimony, asserting the pupil records were relevant to the witnesses' credibility. After reviewing M.S.'s pupil records, the court ordered they all be released to S.P.A. The court, however, neither indicated whether it had reviewed the deposition testimony nor concluded the records satisfied the § 118.125(2)(f) criteria for release. Northwood appeals.

## DISCUSSION

¶ 4. S.P.A. desires to utilize M.S.'s pupil records to demonstrate various school officials were aware of specific behavioral incidents and failed to take appropriate action. Pupil records are confidential and may

only be released pursuant to specific statutory exceptions. *See* Wis. Stat. § 118.125(2). The relevant exception here is found in § 118.125(2)(f), which provides:

> Pupil records shall be provided to a court in response to subpoena by parties to an action for in camera inspection, to be used only for purposes of impeachment of any witness who has testified in the action. The court may turn [the] records or parts thereof over to parties in the action or their attorneys if [the] records would be relevant and material to a witness's credibility or competency.

¶ 5. Northwood concedes the circuit court properly ordered an in camera inspection, but argues the records cannot be ordered released until after witnesses have testified at trial. Northwood also argues the circuit court erroneously exercised its discretion because the court did not address whether the records would be relevant and material to a witness's credibility. Northwood further contends the court was required to include language in the order limiting the records' use to impeachment of witnesses.

*Timing of record disclosure*

[2–4]
¶ 6. Statutory interpretation presents a question of law that we decide without deference to the trial court's decision. *Orion Flight Servs., Inc. v. Basler Flight Serv.*, 2006 WI 51, ¶ 16, 290 Wis. 2d 421, 714 N.W.2d 130. Language is interpreted in the context in which it is used and interpreted to avoid absurd or unreasonable results. *Id.* If a statute's meaning is plain, we ordinarily stop the inquiry. *Id.*, ¶ 17. However, if a statute is ambiguous, we may examine extrinsic sources such as legislative history to ascertain the legislative intent. *Id.*

140

¶ 7. We reject Northwood's interpretation that pu-
pil records may not be disclosed until after a witness has
testified at trial.[3] First and foremost, we observe the
statute twice refers to an action, which is a much
broader term than trial. An action commences when a
summons and complaint have been filed with the court.
*See* WIS. STAT. § 801.02. " '[A]ction' is used in . . . the civil
procedure statutes to refer to an entire proceeding, not
to one or more parts within a proceeding." *State ex rel.
Henderson v. Raemisch*, 2010 WI App 114, ¶¶ 22–24,
329 Wis. 2d 109, 790 N.W.2d 242 (holding that, consis-
tent with other contexts, in prisoner litigation cases,
action refers to an entire proceeding). A witness who
has been deposed "has testified in the action." *See* WIS.
STAT. § 118.125(2)(f). Had the legislature intended the
statute to apply only at a trial, it undoubtedly would
have used that term.

¶ 8. Moreover, Northwood's interpretation is un-
reasonable.[4] If pupil records could not be disclosed until

---

[3] Northwood cites a circuit court decision from another case
as persuasive authority, correctly noting that such a citation does
not violate WIS. STAT. RULE 809.23(3), which prohibits citing
unpublished appellate cases decided before July 1, 2009. How-
ever, Northwood then emphasizes we affirmed the circuit court,
provides citation to the 2005 unpublished appellate court deci-
sion, and quotes directly from the appellate decision. This is a
blatant violation of RULE 809.23(3), of which counsel was obvi-
ously aware given his citation to it. We therefore sanction
Northwood's counsel and direct that he pay $50 to the clerk of
this court within thirty days of the date of this decision. *See* WIS.
STAT. RULE 809.83(2).

[4] S.P.A. discusses legislative drafting records in her argu-
ment. However, she asserts the statute is unambiguous. We
agree. Therefore, we do not rely on any extrinsic sources in our

mid-trial, then the court would have to dispatch its neutrality and remain on guard throughout the trial, halting it at every point it believed any of the potentially numerous pupil records might be relevant to each witness's credibility. The court would then need to grant the party seeking the records time to review them and determine whether the records could, and should, be used for impeachment. In a case such as this involving multiple witnesses and numerous records, the trial would become unmanageable.

¶ 9. On the other hand, we also reject S.P.A.'s expansive argument that the court need not have any particular witness in mind when it determines whether the pupil records would be relevant and material to a witness's credibility or competency. Every record, as long as it contained any information, could conceivably be relevant to some person's credibility on some issue. S.P.A.'s interpretation would negate the disclosure standard, requiring the court to simply hand over every confidential pupil record. Clearly, the court must consider a specific witness's deposition testimony to determine whether each record might be relevant to the person's credibility or competency.[5]

*Circuit court's failure to address the standard for disclosing records*

¶ 10. Northwood argues the circuit court's order to disclose all of M.S.'s pupil records was erroneous

---

analysis and have not reviewed the drafting records contained in the appendix to her brief. *See Orion Flight Servs., Inc. v. Basler Flight Serv.*, 2006 WI 51, ¶ 17, 290 Wis. 2d 421, 714 N.W.2d 130.

[5] Although not addressed by the parties here, we note a

because the court never addressed whether any of the records were relevant and material to any witness's credibility or competency. Additionally, Northwood observes the court failed to exercise discretion because it did not indicate whether it had reviewed any of the witnesses' deposition testimony. We agree on both points.

¶ 11. The court's order to disclose M.S.'s records did not set forth the court's rationale for doing so. However, in a cover letter accompanying the prior order to submit M.S.'s pupil records for an in camera inspection, the court observed, "Apparently the court is to act as a 'gate keeper' to ensure that a plaintiff such as S.P.A. is entitled to have his or her case fully developed at trial." The court continued, "S.P.A. is entitled to know what, if any[,] information the defendants possessed regarding M.S.'s propensities for mischief (S.P.A. needs it as an element of her claim)[.]"

¶ 12. The court's observations reflect a misapprehension of both WIS. STAT. § 118.125(2)(f)'s manifest purpose and the court's role as a gatekeeper under that statute. A court may not disclose confidential records merely because they are relevant to a plaintiff's claim. The court's gatekeeper role is to protect the privacy of the pupil whose records are sought, releasing only those records which may concern a specific witness's credibility or competency.

¶ 13. In the court's subsequent order, requiring disclosure of all of M.S.'s pupil records, the court stated only that it had reviewed M.S.'s records. The

court might arguably be presented with other testimonial evidence, e.g., answers to interrogatories, on which it could rely to make the relevancy and materiality determination.

143

court did not mention Wɪs. Sᴛᴀᴛ. § 118.125(2)(f), the standard set forth in that statute, or whether it had reviewed the deposition testimony of any witness, and did not identify any witness whose testimony the records would be relevant to or any specific records or category of records that should or should not be disclosed.[6]

¶ 14. "It is well established that a decision which requires the exercise of discretion and which on its face demonstrates no consideration of any of the factors on which the decision should be properly based constitutes an [erroneous exercise of] discretion as a matter of law." *Schmid v. Olsen*, 111 Wis. 2d 228, 237, 330 N.W.2d 547 (1983). Nonetheless, we generally have a duty to then determine whether the record supports the circuit court's discretionary decision. *Id.* at 238; *State v. Hunt*, 2003 WI 81, ¶ 45, 263 Wis. 2d 1, 666 N.W.2d 771. Northwood fails to acknowledge the independent review doctrine and, consequently, has not addressed the issue. S.P.A., for her part, cites an inapplicable standard of review that pertains to factual findings. Even so, she does at one point claim "the record makes clear that the records in question are relevant and material to the credibility and competency of the testimony of school district employees."

¶ 15. S.P.A. does not, however, explain how the record clearly demonstrates that specific records relate to the credibility or competency of any particular school employees. Instead, she asserts the "records

---

[6] Pupil records are defined broadly by Wɪs. Sᴛᴀᴛ. § 118.125(1)(d). Pupil records are then further defined into the subcategories of behavioral records, directory data, progress records, and pupil physical health records. *See* Wɪs. Sᴛᴀᴛ. § 118.125(1)(a), (b), (c), (cm).

constitute affirmative evidence of notice, foreseeability of harm and what steps, if any, were taken by the school district in response to what they knew about M.S." We have already determined that general relevance to a claim does not constitute an appropriate basis for disclosing records.

¶ 16. In *Hunt*, the supreme court observed, "We recognize that there are cases where independent review may be too onerous for the appellate court to undertake, or may be inappropriate under the circumstances presented." *Hunt*, 263 Wis. 2d 1, ¶ 45 n.14. We conclude this is such a case.

¶ 17. To independently conduct the WIS. STAT. § 118.125(2)(f) analysis, we would have to review the entire deposition transcripts of multiple witnesses and then cross-reference them with the stack of pupil records. With no guidance from the parties, we would be required to determine whether each of the records was relevant to each witness's credibility or competency. This is beyond the scope of the independent review doctrine.

*Failure to include limiting instruction in disclosure order*

¶ 18. Northwood contends the circuit court was required to include language in its order limiting the use of the disclosed records. WISCONSIN STAT. § 118.125(2)(f) contains no requirement that the order contain any limiting language. Indeed, the statute itself already sets forth the use limitation. However, nothing prevents a party from requesting limiting language, or a court from including it.

¶ 19. Neither party shall recover WIS. STAT. RULE 809.25 appellate costs. Attorney sanctioned.

*By the Court.*—Order reversed.