In the

# United States Court of Appeals
## For the Seventh Circuit

No. 09-3847

GREGORY J. TURLEY,

*Plaintiff-Appellant,*

*v.*

DONALD GAETZ, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:09-cv-00829-GPM—**G. Patrick Murphy**, *Judge.*

ARGUED MAY 26, 2010—DECIDED OCTOBER 14, 2010

Before RIPPLE, KANNE and SYKES, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Gregory Turley, an Illinois prisoner, filed a pro se lawsuit under 42 U.S.C. § 1983, claiming that the warden, a number of guards and other employees at Menard Correctional Center ("Menard") retaliated against him for litigation previously filed regarding his conditions of confinement. Mr. Turley moved to proceed in forma pauperis ("IFP"), but the district court concluded that he was ineligible due to

the "three-strikes" rule of the Prison Litigation Reform Act of 1995 ("PLRA"), *see* 28 U.S.C. § 1915(g). Relying on our opinions in *George v. Smith*, 507 F.3d 605, 607-08 (7th Cir. 2007), and *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004), the district court reasoned that Mr. Turley had "struck out" because in each of his three prior lawsuits at least one claim had been dismissed for failure to state a claim although other claims had been permitted to go forward. The court also concluded that Mr. Turley was not in imminent danger of serious physical harm and, therefore, did not meet the one exception to the three-strikes rule. The court therefore dismissed the complaint but without prejudice so that Mr. Turley could refile upon prepayment of the full filing fee. Mr. Turley appeals. For the reasons set forth in this opinion, we reverse the judgment of the district court and remand with instructions to reconsider Mr. Turley's application to proceed IFP.

# I

## BACKGROUND

In his complaint, filed in October 2009, Mr. Turley contends that the defendants have worked together to punish him for filing grievances and lawsuits about the conditions of his confinement at Menard. He alleges that he has endured a range of retaliatory actions including physical assaults, threats, trumped-up disciplinary charges, confinement in segregation without a valid reason, interference with his access to the grievance system and removal of his personal property.

Mr. Turley also filed an application to proceed IFP. Section 1915(g) of Title 28 prohibits a prisoner from proceeding IFP if, on three or more occasions during his imprisonment, he has "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). The sole statutory exception to this three-strikes limitation on IFP status is if "the prisoner is under imminent danger of serious physical injury." *Id.* In his IFP application, Mr. Turley disclosed that a different district judge already had dismissed two other civil actions on the basis of § 1915(g) after concluding that he had incurred strikes for three earlier lawsuits.[1] Mr. Turley argued, however, that those earlier suits should not be considered "strikes" because each action included some claims that proceeded to a decision on the merits, along with some claims that had been dismissed at screening. *See* 28 U.S.C. § 1915A. Mr. Turley also contended that he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In particular, he alleged that one of the defendant prison employees had threatened him.

   A review of Mr. Turley's litigation history reveals three relevant civil rights cases filed during his incar-

---

[1] Another district court judge of the same district had dismissed Mr. Turley's other complaints on August 14, 2008. Mr. Turley's appeals of those dismissals currently are pending in this court. *Turley v. Hulick*, No. 08-3233 (7th Cir. filed Sept. 2, 2008); *Turley v. Hulick*, No. 08-3232 (7th Cir. filed Sept. 2, 2008).

ceration. In the first action, *Turley v. Cowan*, No. 01-cv-188-MJR (S.D. Ill. Mar. 13, 2007), the district court dismissed one of Mr. Turley's claims at screening for failure to state a claim but permitted two other claims for retaliation by prison officials to proceed to a jury trial. The parties ultimately settled the case following a jury verdict in Mr. Turley's favor. *Cowan*, No. 01-cv-188-MJR (Docket Nos. 7, 39, 141, 151).

In the second action, *Turley v. Smith*, No. 02-cv-4592 (N.D. Ill. July 27, 2005), Mr. Turley claimed that prison administrators and medical personnel had been deliberately indifferent to his medical needs. At screening the district court concluded that Mr. Turley had failed to state a claim against some defendants, specifically those who relied on the authority of medical staff in denying his grievances. *Smith*, No. 02-cv-4592 (Docket No. 6). The court later granted summary judgment for the medical staff defendants on the ground that Mr. Turley lacked evidence of deliberate indifference. *Smith*, No. 02-cv-4592 (Docket No. 97).

Mr. Turley's third action, *Turley v. Catchings*, No. 03-cv-8491 (N.D. Ill. Oct. 26, 2006), included multiple allegations against prison officials, including a retaliation claim and a claim that he was placed in investigative segregation without due process. The district court concluded that Mr. Turley's complaint failed to state a claim for a due process violation and also dismissed from the case a number of defendants whom Mr. Turley had sued only in their supervisory capacity. *Catchings*, No. 03-cv-8491 (Docket No. 7). The court allowed the

retaliation claim to proceed against four defendants, *id.*, and later granted those defendants' motion for summary judgment after concluding that Mr. Turley had failed to exhaust his administrative remedies as required under 42 U.S.C. § 1997e(a), *Catchings*, No. 03-cv-8491 (Docket No. 128).

Based on this litigation history, the district court in the current litigation denied Mr. Turley's motion for leave to proceed IFP and dismissed the complaint without prejudice, thus permitting refiling after prepayment of the full filing fee.[2] Citing *George v. Smith*, 507 F.3d at 607-08, and *Boriboune v. Berge*, 391 F.3d at 855, the district court concluded that Mr. Turley had accumulated three strikes because in each of his prior lawsuits at least one claim had been dismissed for failure to state a claim. The district court rejected Mr. Turley's contrary reading of § 1915(g): that a dismissal incurs a strike only if the *entire action* is dismissed as frivolous, malicious or for failure to state a claim. The court opined that

---

[2] Ordinarily, a dismissal without prejudice is not a final, appealable order. *See Taylor-Holmes v. Office of Cook Cnty. Pub. Guardian*, 503 F.3d 607, 609-10 (7th Cir. 2007). The denial of a motion to proceed IFP, however, is an exception to this rule and an appealable order. *Roberts v. United States Dist. Court for N. Dist. of Cal.*, 339 U.S. 844, 845 (1950); *Walker v. O'Brien*, 216 F.3d 626, 634-37 (7th Cir. 2000); *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997) ("[A] prisoner may file an appeal to contest the district court's conclusion that he is ineligible to proceed *in forma pauperis*."), *overruled in part on other grounds by Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

Mr. Turley's interpretation of the statute was foreclosed by *George* and commented that "[w]hether *George* is a correct interpretation of § 1915(g) is not a decision for this court to make." R.9 at 3. The district court also rejected Mr. Turley's contention that he was under imminent danger of serious physical injury. This appeal followed.

## II

## DISCUSSION

At issue in this case is the interpretation of the three-strikes rule under the PLRA, *see* 28 U.S.C. § 1915(g). Specifically, we consider whether the dismissal of certain *claims* in an action on grounds that they are frivolous, malicious or fail to state a claim results in a strike, for purposes of § 1915(g), despite the fact that other related claims in the same action proceed to adjudication on the merits. The district court concluded these prior split cases did result in a strike. Mr. Turley contends that the court's application of the three-strikes limitation on a claim-by-claim basis is contrary to the plain language of the statute. He further challenges the district court's finding that he was not in imminent danger. *See* 28 U.S.C. § 1915(g); *Ciarpaglini v. Saini*, 352 F.3d 328, 330-31 (7th Cir. 2003). We review de novo a district court's application of the PLRA's three-strikes limitation. *Ciarpaglini,* 352 F.3d at 330; *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 811 (7th Cir. 1998).

"Statutory construction must begin with the language employed by Congress and the assumption that the

ordinary meaning of that language accurately expresses the legislative purpose." *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985); *see also Ortega v. Holder*, 592 F.3d 738, 743 (7th Cir. 2010); *United States v. Olofson*, 563 F.3d 652, 658 (7th Cir. 2009). Turning to that language, § 1915(g) prohibits a prisoner from proceeding IFP if he has a history of frivolous litigation:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought *an action or appeal* in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Section 1915(g) literally speaks in terms of prior *actions* that were dismissed as frivolous, malicious or for failure to state a claim. The statute does not employ the term "claim" to describe the type of dismissal that will incur a strike. "Action" and "claim" have well-defined meanings in the pleading context. *See* Fed. R. Civ. P. 3 (providing that a civil "action" begins with the filing of a complaint); Fed. R. Civ. P. 8(a) (setting out the minimal requirements to state a "claim" for relief); Fed. R. Civ. P. 18(a) (providing that a party may join multiple "claims" against a single defendant). Here we believe that the obvious reading of the statute is that a strike is incurred for

an action dismissed *in its entirety* on one or more of the three enumerated grounds. *See* 28 U.S.C. § 1915(g).

Our sister circuits already have adopted this reading of § 1915(g). In *Thompson v. Drug Enforcement Administration*, 492 F.3d 428, 432 (D.C. Cir. 2007), the D.C. Circuit held that the plain language of § 1915(g) provides that a plaintiff incurs a strike only when the entire action is dismissed based on one of the listed bases. The court reasoned that "it would make no sense to say—where one claim within an action is dismissed for failing to state a claim and another succeeds on the merits—that the 'action' had been dismissed for failing to state a claim." *Id.* Accordingly, the court in *Thompson* held that "actions containing at least one claim falling within none of the three strike categories" do not count as strikes. *Id.*

In *Pointer v. Wilkinson*, 502 F.3d 369, 372-73 (6th Cir. 2007), the Sixth Circuit held that a complaint dismissed in part for failure to exhaust and in part on one of the grounds enumerated in § 1915(g) counts as a strike. However, it recognized that "if some claims were dismissed without prejudice for failure to exhaust and other claims 'were found to have merit,' then the dismissal of other frivolous claims would not render the dismissal a strike." *Pointer*, 502 F.3d at 372, 376-77 (quoting *Clemons v. Young*, 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003)). Similarly, both the Fifth and Eighth Circuits have recognized that overturning a dismissal in part and reinstating some but not all of a plaintiff's claims eliminates any strike originally thought to apply to the case.

*See Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 617 (5th Cir. 2008); *Powells v. Minnehaha Cnty. Sheriff Dep't*, 198 F.3d 711, 713 (8th Cir. 1999) (citing *Moore v. Doan*, No. 98-cv-2307, 1998 WL 887089, at *5 (N.D. Ill. Dec. 10, 1998)). In another context, the Ninth Circuit concluded that a case is "dismissed" under § 1915(g) when the district court "disposes of an in forma pauperis *complaint*" on one of the three statutory grounds. *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (emphasis added).

Counting as a strike only the dismissal of an entire action is consistent with the Supreme Court's interpretation of 42 U.S.C. § 1997e(a), a different provision of the PLRA which provides that "[n]o action" challenging prison conditions shall be brought by an inmate until administrative remedies have been exhausted. In *Jones v. Bock*, 549 U.S. 199 (2007), the Court recognized that the PLRA was intended "to filter out the bad claims and facilitate consideration of the good." *Jones*, 549 U.S. at 203-04. The language of § 1997e(a), the Court held, authorizes a district court to dismiss a prisoner's lawsuit in its entirety only if the complaint is devoid of unexhausted claims. *Id.* at 220-21. If a complaint presents both exhausted and unexhausted claims, the Court concluded, only the unexhausted claims may be dismissed. *Id.* at 221. As the Court explained, "statutory references to an 'action' have not typically been read to mean that every claim included in the action must meet the pertinent requirement before the 'action' may proceed." *Id.*

In *Jones*, the Supreme Court also endorsed our interpretation of yet another provision of the PLRA, 42 U.S.C.

§ 1997e(e), which provides that "[n]o Federal civil *action* may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See Jones*, 549 U.S. at 221 (citing *Robinson v. Page*, 170 F.3d 747, 748-49 (7th Cir. 1999)). In *Robinson*, we were faced with the question whether a mixed "action," meaning a complaint containing a claim barred under § 1997e(e) along with other permissible claims, must be dismissed in its entirety or whether only the unauthorized claim should be dismissed. *Robinson*, 170 F.3d at 748-49. We concluded that "the natural reading of the statute" required dismissal of only the unauthorized claim. *Id.* at 748. We explained that to dismiss an entire suit

> because it had one bad claim would be not only gratuitous, but also contrary to the fundamental procedural norm that when a complaint has both good and bad claims, in the sense of claims that can and claims that cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), only the bad claims are dismissed; the complaint as a whole is not.

*Id.* at 748-49; *see also Freeman v. Watkins*, 479 F.3d 1257, 1259-60 (10th Cir. 2007) (interpreting requirements for dismissal of claims for lack of exhaustion under § 1997e(c)(1)); *Lira v. Herrera*, 427 F.3d 1164, 1172-73 (9th Cir. 2005) (same).

  Given the plain language of § 1915(g) and the Supreme Court's understanding of how "action" is used elsewhere in the PLRA, this case would be straight-forward if not for our opinions in *George* and *Boriboune.*

The district court read these decisions to hold that a dismissal of even one claim on a ground enumerated in § 1915(g)—even when other claims survive—is enough to qualify the entire lawsuit as a strike. Mr. Turley contends that the district court's reading is too broad and that these opinions stand only for the limited proposition that prisoners cannot abuse the rules of joinder to insulate their complaints from the three-strikes limitation. To the extent that *George* and *Boriboune* hold that the dismissal of a single claim among several is enough to incur a strike, Mr. Turley asks that the two decisions be overruled as contrary to the plain language of § 1915(g).

We agree with Mr. Turley that *George* and *Boriboune* do not control here and do not compel a claim-by-claim analysis of inmate complaints for purposes of applying § 1915(g). *George* and *Boriboune* specifically address the application of the PLRA to lawsuits in which several inmates have joined their individual claims in a single complaint or in which one inmate has joined multiple claims against several defendants. Neither decision, however, speaks directly to the question presented by this case. In *Boriboune*, four prisoners jointly filed a single lawsuit and sought IFP status. 391 F.3d at 853. The district court had announced that it would not allow inmates jointly to proceed IFP and dismissed the complaint. *Id.* We reversed. We held that the PLRA did not supersede Federal Rule of Civil Procedure 20(a)(1), which allows multiple plaintiffs to join claims arising out of the same series of occurrences and sharing a question of law or fact common to all plaintiffs. *Id.* at 854. Noting, however, the "substantial" risk that "[j]oint litigation could undermine the system of financial incen-

tives created by the PLRA," we also held that the PLRA did modify the normal rule that the filing of a lawsuit incurs just one filing fee no matter the number of plaintiffs. *Id.* at 854-56. Thus, prisoners seeking to proceed IFP on a jointly filed complaint must pay one fee apiece. *Id.* at 856. In analyzing those questions we emphasized that prisoners should be aware of the shared risks of joint litigation and explained that a prisoner litigating jointly under Rule 20 takes the risk that one or more of the claims in the complaint may be deemed sanctionable or count as a strike "whether or not they concern him personally." *Id.* at 855. We opined on the risk that a strike may be incurred in the context of joint litigation:

> [Section] 1915(g) limits to three the number of IFP complaints or appeals that were "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[."] This language refers to the complaint or appeal as a whole; thus when *any claim* in a complaint or appeal is "frivolous, malicious, or fails to state a claim upon which relief may be granted[,"] all plaintiffs incur strikes.

*Id.* (emphasis added). This language, however, is dictum and was not central to our holding that the rules of joinder apply equally to prisoner suits.

Nearly three years later, however, in *George*, we characterized *Boriboune*'s discussion of § 1915(g) as carrying greater weight. *George* addressed the reverse situation of that in *Boriboune*: a complaint by a single inmate joining 50 disparate claims against 24 defendants. 507 F.3d at 607. This joinder, we explained, not only violated

the limitation on joinder of unrelated claims under Federal Rules of Civil Procedure 18 and 20, but also allowed the plaintiff to dodge paying multiple filing fees and risking multiple strikes for what should have been several different lawsuits. *Id.* The plaintiff in *George* had filed a "buckshot complaint" in the hope that "if even 1 of his 50 claims were deemed non-frivolous, he would receive no 'strikes' at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits." *Id.* "The district judge had likewise assumed that a single non-frivolous claim in a blunderbuss complaint makes the suit as a whole non-frivolous." *Id.* We explained that a prisoner's complaint that fails to satisfy Rule 20 should be rejected just as a free person's complaint would, and, here, the plaintiff had made no effort to show how his joinder of claims satisfied Rule 20. *Id.* We did not insist, however, that every such complaint *must* be dismissed. Instead, for claims that violate Rule 20 but are permitted to go forward, we offered this comment about § 1915(g):

> When a prisoner does file a multi-claim, multi-defendant suit, the district court should evaluate each claim for the purpose of § 1915(g). *Boriboune* observed: "when *any claim* in a complaint or appeal is 'frivolous, malicious, or fails to state a claim upon which relief may be granted[,'] all plaintiffs incur strikes" (391 F.3d at 855; emphasis added).

*Id.* at 607-08. It followed, we continued, that the plaintiff in *George* had incurred "two strikes in this litigation—one for filing a complaint containing a frivolous claim,

another for an appeal raising at least one frivolous objection to the district court's ruling." *Id.* at 608. We concluded by holding that the district court had correctly granted summary judgment for the defendants on the plaintiff's First and Eighth Amendment claims. *Id.* at 608-09.

As the district court read these two opinions, *George* in particular, the inclusion of a frivolous claim within an action incurs a strike, even if the remainder of the action is not frivolous. We believe the district court overestimated the significance of the language in *George* and *Boriboune*. We do not ascribe to the earlier panels an intent to substitute "claim" where Congress has written "action" into § 1915(g). Those opinions do not purport to interpret § 1915(g) as part of its narrow holding. In *Boriboune*, we held that prisoners may join their claims in a single action but must each pay a separate filing fee. In *George*, we held that the district court correctly granted summary judgment for the defendants. Each decision discusses § 1915(g) and the PLRA only within the context of the rules of joinder and explains how district courts should handle prisoners' complaints that could or should have been filed as separate actions. *See George*, 507 F.3d at 607; *Boriboune*, 391 F.3d at 855. The references to § 1915(g), therefore, are not essential to the outcome in either case.

The district court's extension of the language in *George* to mean that in all cases a prisoner incurs a strike if just one claim out of several is dismissed on one of the enumerated grounds runs counter to the plain language of the statute, which assigns a strike for the dismissal of

an "action" and not a "claim." We previously have described § 1915(g) as restricting an inmate's eligibility for IFP status "[a]fter losing three *cases* for one of the enumerated grounds," *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1024 (7th Cir. 1996) (emphasis added), and adopting a contrary reading here would leave us in a minority of one on the issue. Our sister circuits that have addressed this issue all ascribe to the language of § 1915(g) its literal and ordinary meaning: Strikes are incurred when an action is dismissed, not when one of several claims is dismissed. As we have noted, the Fifth, Sixth, Eighth and D.C. Circuits all interpret § 1915(g) to count strikes at the case level rather than claim-by-claim.[3] By contrast, we have found little support for a claim-by-claim application of § 1915(g). The Third Circuit has adopted the reasoning of *Boriboune* to permit joinder of multiple IFP plaintiffs and, in dicta, agreed that "a court could hold that, reading the PLRA and Rule 20 together, a plaintiff is accountable for the dismissal of a co-plaintiff's claims" when a court assesses strikes. *Hagan v. Rogers*, 570 F.3d 146, 156 (3d Cir. 2009). The Third Circuit did not address, however, whether "dismissal of a co-plaintiff's claims" means all of the co-plaintiff's claims or just one. *Cf. Boriboune v.*

---

[3] *See Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 418 (D.C. Cir. 2009) (citing *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 432 (D.C. Cir. 2007)); *Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 617 (5th Cir. 2008); *Pointer v. Wilkinson*, 502 F.3d 369, 372, 376-77 (6th Cir. 2007); *Powells v. Minnehaha Cnty. Sheriff Dep't*, 198 F.3d 711, 713 (8th Cir. 1999).

*Berge*, No. 04-cv-0015-C, 2005 WL 1320345, at *4-6 (W.D. Wis. June 1, 2005) (concluding on remand that an individual plaintiff incurs a strike only when "the total accumulation of a particular litigant's claims within the group complaint" is dismissed for a reason listed in § 1915(g)).

Significantly, this circuit has not relied upon *George* for the proposition that § 1915(g) counts a partial dismissal as a strike. Notably, we do not believe that the *George* and *Boriboune* panels intended their remarks about § 1915(g) to serve as pronouncements on the general application of the three-strikes rule to all prisoner cases because neither opinion was circulated under Circuit Rule 40(e) despite the contrary precedent then existing in our sister circuits.[4] We presume, therefore, that the creation of a circuit split was not intended. Nevertheless, the district court's reading of the dicta in *George* was understandable, and, regrettably, that dicta has caused confusion among the district courts, leading several to conclude that prisoners incur a strike for the partial dismissal of a complaint.[5] Our holding today clarifies that a strike is incurred under § 1915(g) when

---

[4] *See Pointer*, 502 F.3d at 372, 376-77 (issued before *George*); *Thompson*, 492 F.3d at 432 (same); *Powells*, 198 F.3d at 713 (issued before *Boriboune*).

[5] *See, e.g., Thomas v. Feinerman*, No. 09-651-GPM, 2010 WL 1241526, at *3 (S.D. Ill. Mar. 23, 2010); *Williams v. Westerman*, No. 08-cv-00858-MJR, 2009 WL 2486603, at *1-2 (S.D. Ill. Aug. 13, 2009); *Peterson v. Thatcher*, No. 09-cv-325 RM, 2009 WL 2341978, at *1 (N.D. Ind. July 27, 2009).

an inmate's case is dismissed *in its entirety* based on the grounds listed in § 1915(g).

Within the context of this case we conclude that Mr. Turley has not incurred three strikes under § 1915(g) and remains eligible for IFP status. His first two cases, *Turley v. Cowan* and *Turley v. Smith*, are clearly not strikes. In each, the district court dismissed some claims for failure to state a claim, but the remaining claims were resolved on the merits. As for the third case, *Turley v. Catchings*, the district court dismissed it in part for failure to state a claim and in part for failure to exhaust administrative remedies. Although we have acknowledged that a district court may dismiss a complaint if the existence of a valid affirmative defense, such as the failure to exhaust, is so plain from the face of the complaint that the suit can be regarded as frivolous, that is not what happened here. *See Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). Rather, following the initial dismissal of some claims under Federal Rule of Civil Procedure 12(b)(6), the district court dismissed the remaining unexhausted claims at summary judgment. We acknowledge that the Sixth Circuit has in one opinion held that a strike was incurred where the prisoner's complaint was dismissed in part for failure to state a claim and in part for failure to exhaust, reasoning only that "inclusion of unexhausted claims in a complaint in which all other counts fail to state a claim will not 'inject merit into the action' and transform counts that do not state a claim into ones that do." *Pointer*, 502 F.3d at 373, 376. But in *Pointer*, the Sixth Circuit also acknowledged—and we agree—that a dismissal for failure to plead adequately

exhaustion is distinct from a dismissal for failure to state a claim, and neither the dismissal of a complaint in its entirety for failure to exhaust nor the dismissal of unexhausted claims from an action containing other viable claims constitutes a strike under § 1915(g). *Id.* at 372, 374-75. A prisoner's failure to exhaust administrative remedies is statutorily distinct from his failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(a); *Jones*, 549 U.S. at 211-12; *Walker*, 288 F.3d at 1009. The dismissal of an action for failure to exhaust therefore does not incur a strike. *Thompson*, 492 F.3d at 438; *Owens v. Isaac*, 487 F.3d 561, 563 (8th Cir. 2007); *Green v. Young*, 454 F.3d 405, 409 (4th Cir. 2006); *Snider v. Melindez*, 199 F.3d 108, 111-12 (2d Cir. 1999). Thus, consistent with the plain language of the PLRA, we conclude that the dismissal of an action, in part for failure to exhaust and in part as frivolous, malicious or for failure to state a claim does not constitute a strike under § 1915(g). Accordingly, the dismissal of Mr. Turley's third case also does not constitute a strike.

Finally, because we conclude that Mr. Turley has not accumulated three strikes and remains eligible for IFP status,[6] we need not determine whether his allega-

---

[6] The procedural posture of this case is unusual given Mr. Turley's representation by retained counsel and payment of the appellate fees. In the district court, Mr. Turley's IFP motion included an affidavit of indigence. The district court, however, did not make an express finding of indigence and concluded only that Mr. Turley was barred from IFP status

(continued...)

tions met the imminent-danger exception to the three-strikes rule. *See* 28 U.S.C. § 1915(g).

## Conclusion

For the foregoing reasons, the judgment of the district court is reversed, and the case is remanded with instructions to reconsider whether Mr. Turley may proceed IFP. On remand the district court will need to determine whether Mr. Turley is unable to pay the filing fees as required under § 1915(a)(1).

REVERSED and REMANDED

---

[6] (...continued)
based upon his prior litigation. In this court Mr. Turley initially filed a pro se motion for IFP status and an affidavit of indigence, *Turley v. Gaetz*, No. 09-3847 (Docket No. 4, Dec. 21, 2009), but two weeks later he paid the $455 appellate fees. Nearly two weeks after that, Mr. Turley's attorneys filed their disclosure statement. It is not known from the record whether Mr. Turley's attorneys are representing him pro bono or if the law firm paid his appellate fees. On remand, however, the district court must still make a finding as to indigence, and Mr. Turley's ability to pay his appellate fees may become part of that determination.

---