NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 23, 2010[*]
Decided December 2, 2010

**Before**

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-1365

| | |
|---|---|
| DAVID M. JONES, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Indiana, Fort Wayne Division. |
|     *v.* | No. 3:08cv545 |
| HOWARD MORTON, et al., | |
|     *Defendants-Appellees.* | Theresa L. Springmann, *Judge.* |

**O R D E R**

David Jones filed suit under 42 U.S.C. § 1983 claiming that prison officials have been deliberately indifferent to threats against him from gang members at the Indiana State Prison. The district court directed Jones to prepay the entire filing fee after concluding that he previously incurred three strikes for filing frivolous litigation and was not in imminent

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* FED. R. APP. P. 34(a)(2)(c).

danger. *See* 28 U.S.C. § 1915(g). When Jones did not pay, the court dismissed the action, and Jones now appeals. In light of our recent decision in *Turley v. Gaetz*, No. 09-3847, 2010 WL 4286368 (7th Cir. Nov. 2, 2010), we vacate the judgment and remand for further proceedings.

According to the allegations in his complaint, which at this stage we must presume are true, *see Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010), Jones experienced a pattern of forewarned assaults by gang members that the defendants ignored and even instigated. Gang members had first threatened Jones around June 2007, but his request for protective custody was denied. The defendants moved him into a dorm with an inmate he previously "had trouble with." That inmate later restrained Jones at knifepoint while another inmate attacked him. For reasons not explained by Jones, he was later placed in segregation and told he would remain there for two years, but even in segregation the threats continued. Jones does not say explicitly that the two assailants and the others who threatened him were gang members, but he does allege that while he was in segregation guards allowed a number of gang members into the recreation yard so they could assault him. These inmates stabbed him in the stomach and sliced his face with a razor, sending him to the hospital and causing permanent scarring. Jones once more requested protective custody and again was refused. After his release from the hospital, however, Jones was transferred to Westville Correctional Facility for the remainder of his segregation time. While at Westville, Jones sued and requested monetary damages and an injunction to prevent his return to the Indiana State Prison, where the gang members who attacked him still were housed.

Jones also moved to proceed in forma pauperis. The district court denied this request on the understanding that Jones had already accumulated three strikes and was not in "imminent danger" so as to excuse prepayment of the full filing fee. Jones moved for reconsideration. He argued that he was in imminent danger because he was scheduled to be returned to the Indiana State Prison in seven months when his segregation time ended, and thus his separation from the gang members who attacked him was only temporary. The court reasoned that the harm Jones feared was speculative rather than imminent and denied his motion. If he faced a real threat in the future, the court informed Jones, he could move for injunctive relief, but in the meantime he was obligated to pay the entire filing fee in advance. The court later dismissed Jones's lawsuit when he failed to pay.

After he filed this appeal, Jones was moved—as he said would happen—back to the Indiana State Prison. On that basis we granted him leave to proceed in forma pauperis. *Jones v. Bates*, No. 09-1365 (7th Cir. Apr. 20, 2010) (granting Jones's motion to reconsider). This appeal, we observed, presents a question of first impression: whether an allegation that an inmate is guaranteed to be returned to surroundings that will place him in harm's way is sufficient to meet the exception in § 1915(g) for imminent danger. *Id.* Jones maintains that,

at the time he filed his complaint, he knew with reasonable certainty that he would be sent back to the Indiana State Prison.  He also argues that the string of threats and the assaults forecast by those threats established with sufficient probability that imminent danger awaited him there.

We are inclined to agree.  The timing of imminent danger is relative, particularly given the pace of litigation.  We have cautioned against a "chimerical" interpretation of imminent danger; the relevant time frame is not limited to the exact moment an inmate faces assault.  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  But events have overtaken this appeal.  Section 1915(g) provides that a prisoner incurs a strike for bringing "an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  When the district court concluded that Jones had already accumulated three strikes, the court cited three of his prior lawsuits: *Jones v. Clark*, IP98-C-157 (S.D. Ind. March 4, 1998); *Jones v. Maxey*, IP98-C-910 (S.D. Ind. Oct. 2, 1998); and *Jones v. Richwine*, 1:06-CV-162 (S.D. Ind. Apr. 25, 2006).  Counting the first two cases as strikes does not seem problematic because both were dismissed in their entirety at screening.  Yet the third case, we now know, did not incur a strike.

The district court in *Richwine* dismissed several claims and defendants from the complaint at screening and later granted summary judgment for the remaining defendants.  In counting this lawsuit as Jones's third strike, the district court read *George v. Smith*, 507 F.3d 605, 607-08 (7th Cir. 2007), to hold that a prisoner's lawsuit incurs a strike if even one claim is dismissed on a ground listed in § 1915(g), no matter how many claims are included in the complaint.  Earlier this month, however, we clarified that *George* does not support this contention.  Rather, prisoners incur a strike only when a "case is dismissed *in its entirety* based on the grounds listed in § 1915(g)."  *Turley*, 2010 WL 4286368, at *7.  The district court, without the benefit of *Turley*, understandably interpreted *George* as it did.  But only part of Jones's case in *Richwine* was dismissed at screening, and given our holding in *Turley*, he did not incur a third strike for that suit.  Our own search, moreover, has not uncovered any other lawsuit in which Jones incurred a strike, and thus the district court erred in concluding that the "three strikes" provision applied to him.  And since Jones does not have three strikes, the question of imminent danger is moot.

The judgment is VACATED, and the case is REMANDED for further proceedings.