NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2011[*]
Decided June 29, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

Nos. 10-2255, 10-2401 & 10-3795

| | |
|---|---|
| RALPH W. MLASKA, | Appeals from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 10-3055 |
| | |
| VIPIN SHAH, et al., | Harold A. Baker, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Ralph Mlaska claimed in a suit under 42 U.S.C. § 1983 that several doctors and administrators at the Western Illinois Correctional Center denied him appropriate medical care in violation of the Eighth Amendment. At screening the district court dismissed Mlaska's complaint without prejudice for failure to exhaust administrative remedies. *See* 28

---

[*] The defendants were not served with process in the district court and are not participating in these appeals. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

U.S.C. § 1915A. The court later denied Mlaska's motions to reconsider and to reopen the case. Mlaska filed appeals after each decision. We affirm the judgments.

We accept as true Mlaska's description of events. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 820 (7th Cir. 2009). Beginning in the spring of 2009, Mlaska started experiencing intense pain and burning in his penis and noticed that a "small nodule" had appeared. He was treated by prison physician Vipin Shah several times for the condition. Then on September 30, 2009, while zipping his pants, Mlaska nicked his penis with the zipper when a prison guard startled him. According to Mlaska, the zipper injury exacerbated his pain and, Mlaska suspects, caused more complications. Over the next few months, Mlaska continued to experience pain, burning, impotence, itching, swelling, and discoloration. Prison medical staff saw him frequently for these complaints and prescribed antibiotics and painkillers and also ordered diagnostic tests including a urine screening for kidney stones.

In November 2009 the medical staff ordered a consultation with a urologist. Mlaska was told that the wait for appointments was two months, yet in December he filed four "emergency" grievances, *see* 20 Ill. Adm. Code § 504.840, demanding an immediate examination. The warden concluded that no emergency existed and denied Mlaska's request to expedite the grievances. The warden told Mlaska that he could resubmit his grievances using the normal procedure, which Mlaska then did.

Mlaska was seen by the urologist in January 2010. The specialist did not detect any abnormality but did tell Mlaska about a test used to diagnose erectile dysfunction that was available at a facility in Springfield, Illinois. The urologist declined to order this test but added that a prison physician could do so if necessary. He offered to do a cystogram to determine if Mlaska had kidney stones, but Mlaska refused. Afterward, Mlaska continued to file grievances and regularly visited the prison infirmary asking for the test described by the urologist.

Mlaska filed his § 1983 suit on March 3, 2010. On the fourth page of his complaint, Mlaska acknowledged, under a section entitled "Exhaustion of Administrative Remedies," that the grievance process was "incomplete." He explained that the warden had declined to expedite his grievances, thus requiring him to pursue them "in a normal manner that can take up to 6 months." Mlaska asked the district court to stay his lawsuit while he finished exhausting his administrative remedies, but instead the court screened the complaint and dismissed it on the ground that Mlaska had conceded a failure to exhaust.

That ruling prompted the first of these appeals. Mlaska also filed a motion to reconsider, *see* FED. R. CIV. P. 59(e), arguing that prison administrators had made the

grievance process "unavailable" by not answering his grievances at all or else returning them marked as duplicates without further action. The district court denied the motion on the understanding that Mlaska's further explanation showed, not that administrative remedies had been unavailable, but that he failed to follow the established procedures. An inmate must strictly comply with the institution's grievance process, *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), and the district court, focusing on the four "emergency" grievances that Mlaska submitted in December 2009, faulted him for not taking further action when the warden declined to find an emergency. As the court pointed out, the regulations spell out that inmates who disagree with a warden's refusal to expedite a grievance as an emergency can either resubmit it using the standard procedure or else appeal the decision to the Director of the Department of Corrections. *See* 20 Ill. Adm. Code. § 504.850. The court, overlooking that Mlaska had said in this Rule 59 motion that he *did* resubmit the grievances using the standard procedure, promised to entertain a motion to reopen, *see* Fed. R. Civ. P. 60(b), if Mlaska could document that he appealed the warden's decisions to the Director. Mlaska then filed a second notice of appeal.

Almost six months later Mlaska filed a motion to reopen. He described all of his grievances and administrative appeals filed since the district court had dismissed his suit. Mlaska contended that, by that point, he had exhausted his administrative remedies and thus should be permitted to reopen his suit. The district court denied the motion, explaining that exhaustion must be completed before suit is filed. The court told Mlaska that he could include the exhausted claims in a new lawsuit and offered suggestions on how to compose his new complaint. Mlaska filed his third appeal.

Exhaustion of administrative remedies is a precondition for prisoners who want to file suit under § 1983 to challenge prison conditions. 42 U.S.C. § 1997e(a); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). Exhaustion is an affirmative defense, however, and thus Mlaska was not required to describe his grievances in his complaint. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). For this reason we have cautioned district courts against raising the defense sua sponte at screening, *see* 28 U.S.C. § 1915A, unless the defense is "so plain from the face of the complaint that the suit can be regarded as frivolous." *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010). Here, Mlaska openly conceded in his complaint that he had not yet exhausted his administrative remedies, and, in fact, he requested that the district court stay his case until he could complete the process. Dismissal of the complaint was therefore appropriate.

In his Rule 59(e) motion, Mlaska accused prison officials of obstructing the grievance process by failing to respond to his complaints or improperly marking them as duplicates. Attached to his motion were copies of all of the grievances he submitted from December

2009 to April 2010, none of which memorializes a decision *on the merits* by the warden, who is the decisionmaker at the first level of review. *See* 20 Ill. Adm. Code § 504.830(d). We have held that administrative remedies are "unavailable" if prison officials fail to respond to an inmate's grievances. *Brengettcy*, 423 F.3d at 682. The district court missed the fact that Mlaska did resubmit his December grievances under the normal procedures (choosing not to dispute the urgency of his complaints) but as yet had never received decisions from the warden on those or any other grievances. At that stage Mlaska had followed the grievance procedures exactly, and the district court's contrary assumption was erroneous.

That assumption would be problematic if not for the fact that Mlaska filed suit so quickly that he did not allow the warden enough time to respond. The grievance process in Illinois prisons is set up so that nonemergency grievances are first relayed to a counselor, and, if the counselor does not resolve the issue, it is passed on to a grievance officer. 20 Ill. Adm. Code §§ 504.810, 504.830. The grievance officer, in turn, reports his findings to the warden, who then will respond to the inmate in writing within two months when "reasonably feasible." *Id.* § 504.830. Here, Mlaska filed suit on March 3—at most three months after his earliest grievance in December and within days of his last grievance on February 28. Even though the warden was required to respond within two months, a prisoner litigant cannot "make a beeline for court" the moment this deadline passes. *Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004) (concluding that when prison regulation required an appeals decision within 60 days "whenever possible," inmate's remedies were not "unavailable" simply because decision from prison's Administrative Review Board instead took six months). When Mlaska filed suit, he had not allowed the prison a reasonable time to respond to his grievances, and thus we agree that he had not yet exhausted his available remedies.

Moreover, the district court gave Mlaska an opportunity to reopen the case if he could show either that he had exhausted or that his remedies really were unavailable. Mlaska took the court up on this offer six months later. Instead of showing how he had exhausted his remedies *before* filing his suit in March 2010, Mlaska premised his motion to reopen on evidence that he exhausted his remedies *after* the court already had dismissed his complaint. As the district court noted, however, exhaustion is a precondition to filing suit; it is not enough for a prisoner litigant to meet this requirement after filing. *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002). The district court advised Mlaska that he could initiate a new suit based on his complaints if wished to do so, and we note that Mlaska has followed the court's advice. He now has another suit pending in the district court and is pursuing his claims there. *See Mlaska v. Talbot*, No. 2:11-cv-02084-MPM-DGB (C.D. Ill. filed March 25, 2011).

Accordingly, the decision underlying each appeal is AFFIRMED.