NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2012
Decided September 26, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2926

| | |
|---|---|
| CONZALOS GLASCO,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>LIEUTENANT LYLES, et al.<br>    *Defendants-Appellees.* | Appeal from the United States District<br>Court for the Northern District of Indiana,<br>South Bend Division.<br><br>No. 3:10-cv-92 JTM<br><br>James T. Moody<br>*Judge.* |

**O R D E R**

Indiana prisoner Conzalos Glasco appeals the grant of summary judgment against him in his action under 42 U.S.C. § 1983, claiming that several guards at the Westville Correctional Facility tormented and assaulted him while he was imprisoned there. We affirm.

In his verified complaint, Glasco alleged that the defendant guards kept him awake at night by yelling into his cell, endangered him by telling other inmates that he was an

informant and child molester, placed him in an observation cell for days at a time (clothed in only his underwear), and intentionally gave his mail to his enemies. He also recounted an incident in which one guard punched him in the eye and added that the timely grievances he filed about "everything" received no answers.

The defendants moved for summary judgment, arguing that Glasco did not exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Westville has a two-step formal grievance process: a prisoner must file a written grievance with a grievance specialist and, if dissatisfied with the specialist's response, appeal to the grievance manager. The defendants attached an affidavit from Tim Bean, Westville's grievance specialist, stating that his search of Glasco's records reflected the filing of a single grievance, dated April 11, 2010, which was denied, and no appeal being taken. Glasco responded by submitting copies of two letters he had sent to the Executive Director of Adult Operations of the Indiana Department of Corrections—letters that, he maintained, were functionally the equivalent of an appeal. He also repeated his charge that the prison officials had never responded to other grievances he filed.

The district court agreed with the defendants that Glasco failed to exhaust administrative remedies, and granted summary judgment. The court noted, initially, that Glasco's grievance did not address several matters raised in this suit—namely, the incidents of his mail being given to other inmates or his placement in an observation cell without clothing. The court added that the record showed that he completed only the first step of the grievance process but not the second: he did not file a formal appeal of his grievance to his grievance manager.

On appeal Glasco abandons any argument that he appealed the denial of his April 11 grievance and instead rehashes the merits of his § 1983 suit. Prisoners filing civil rights suits, however, must first exhaust administrative remedies. 42 U.S.C. § 1997e(a); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). By failing in his opening brief to address the district court's conclusion that he did not exhaust administrative remedies, he has abandoned any challenge to the district court's ruling. Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. FED R. APP. P. 28(a)(9)(A); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). In his reply brief, Glasco does assert that he exhausted available administrative remedies by filing other grievances that received no response, *see, e.g., Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002), but that contention belongs in his opening brief; arguments raised for the first time in a reply brief are waived, *United States v. Dabney*, 498 F.3d 455, 460 (7th Cir. 2007).

One final note: Glasco asked the district court for leave to proceed in forma pauperis, but the court concluded that the three-strikes provision of 28 U.S.C. § 1915(g) barred him from IFP status. But strikes are not incurred for civil actions that are only *partially* dismissed,

*see Turley v. Gaetz*, 625 F.3d 1005, 1008–09 (7th Cir. 2010), as was the case with one of the three civil actions that the court cited as strikes, *Glasco v. Prulhiere*, No. 1:08-cv-1711-WTL-DML, 2009 WL 4680952 (S.D. Ind. Dec. 1, 2009) (granting summary judgment on issue that survived screening). Our review of Glasco's other legal actions does not reflect that he has elsewhere incurred a third strike.

Accordingly, the judgment is AFFIRMED. Glasco's motion for the appointment of appellate counsel is DENIED.