NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 6, 2021[*]
Decided October 7, 2021

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-1678

| | |
|---|---|
| DONALD HAYWOOD, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 21-CV-1089-MMM |
| | |
| WEXFORD HEALTH SOURCES, INC., | Michael M. Mihm, |
| et al., | *Judge*. |
| *Defendants-Appellees*. | |

**O R D E R**

Donald Haywood, an Illinois prisoner, sought leave to file this suit, which challenges his conditions of confinement, without prepaying the filing fees. The district court dismissed the case with prejudice after it found that Haywood had lied about his income and spent down his account balance to obtain "in forma pauperis" status under

---

[*] We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

28 U.S.C. § 1915. Because the court did not clearly err when it found that Haywood lied and manipulated his funds to avoid paying a filing fee, and it did not abuse its discretion in dismissing the suit with prejudice, we affirm.

Seeking a favorable exercise of discretion under § 1915, Haywood submitted an affidavit, signed as true under the penalty of perjury, describing his assets and "any money" from "any" sources over the last 12 months. He also furnished a copy of the ledger for his inmate trust fund covering the last six months, certified by prison staff. In his affidavit Haywood swore that his only income was "occasional small monetary gifts" from friends and family. His trust fund ledger revealed these gifts to total $430.00 over the last six months. The ledger also revealed recent income from another source that he excluded from his affidavit: a $1,200.00 stimulus check. It further revealed that Haywood spent most of his money in the month before he filed his complaint.

The district court found that Haywood had both lied about his income and spent down his balance to avoid paying a filing fee. It first observed that Haywood has failed to disclose his full income in other cases. *See, e.g.*, *Haywood v. Wexford Health Sources, Inc.*, No. 16-3566 (N.D. Ill. Mar. 23, 2016) (failed to disclose $960.00 in income); *Haywood v. Rendor*, No. 11-388 (S.D. Ill. May 10, 2011) (failed to disclose $585.00 in income). One of those cases was dismissed with prejudice after he hid $1,630.00 in income and spent almost all the money in his trust fund account four days before filing a complaint. *Haywood v. Renzi*, No. 19-1242 (C.D. Ill. July 16, 2019). The district court then ordered Haywood to show cause why it should not sanction him for misleading the court and dissipating his funds. Haywood responded that he had mental illnesses, a fellow inmate helped him with the affidavit of indigency, which he said he did not fully understand, and he cannot remember numbers. The court rejected these arguments based on Haywood's pattern of underreporting his income. It then dismissed the case with prejudice and assessed a "strike" under § 1915(g).

On appeal, Haywood challenges the dismissal, offering unpersuasive reasons why, in his view, his affidavit was not deceptive. He repeats that he has mental health problems and difficulty understanding forms and recalling numbers. We review for clear error the district court's factual finding that Haywood lied in his affidavit of indigency. *See Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 307–08 (7th Cir. 2002). No clear error occurred here. First, the district court could reasonably deem the stimulus check memorable. Haywood received it just four months before he sued, and it dwarfed all his other income. It was eight times larger than his next largest deposit, larger than all the previous deposits on his ledger combined, and almost tripled his

account balance. Second, no evidence suggests that his mental deficits prevented him from recalling this deposit (even if its exact amount eluded him) or understanding that the affidavit required that he tell the truth about his income. Haywood separately argues that, because he sent his trust-fund ledger along with his affidavit, he did not intend to deceive. But the district judge was entitled to rely on the truthfulness of his signed affidavit, separate from any unsworn submission from a prison officer. *See Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016) ("A litigant can't say, 'I know how the judge should rule, so I'm entitled to conceal material information from him.'").

In any case, apart from the omission, the district court did not clearly err in making a second finding that justified dismissal: Haywood dissipated his funds before filing his complaint. Prisoners may not intentionally deplete their trust accounts just to avoid paying filing fees. *Robertson v. French*, 949 F.3d 347, 353–54 (7th Cir. 2020) (citing *Sultan v. Fenoglio*, 775 F.3d 888, 891 (7th Cir. 2015)). Haywood does not offer, let alone substantiate, any legitimate reason for spending down to the point of indigency the funds in his prison account right before filing this suit.

Haywood next contends that the district court should not have dismissed his case with prejudice. Under § 1915(e)(2)(A), a court *must* dismiss a case if it finds that a plaintiff lied about his ability to pay. *See Robertson*, 949 F.3d at 351–52. The court has discretion to do so with or without prejudice. *See Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547–48 (7th Cir. 1998). In arguing that the district court abused its discretion, Haywood cites *Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871, 882 (7th Cir. 2019). In that case, we vacated a dismissal with prejudice in part because the district court did not ask whether the plaintiff's mental health explained why he omitted some litigation history. But as we already explained, Haywood's mental health cannot excuse his deception. Furthermore, in *Greyer* the request for litigation history was vague, the plaintiff was nearly illiterate, the omissions were not material, and the district court did not find that they were intentional. *Id.* at 875–80. Here, the affidavit was clear (it told Haywood to list "any" income from "any" source), he is literate, the amount excluded was material (more than double the filing fee), and the court reasonably found that the omission was intentional. Given all this, plus his past behavior of omitting accurate information, dismissal with prejudice was permissible. *See Thomas*, 288 F.3d at 307 (noting that dismissal with prejudice may be the only feasible sanction when a litigant tries to defraud the court).

We end with a housekeeping matter. In dismissing the suit, the district court stated that Haywood would receive a "strike" for this case under § 1915(g). A strike is

incurred only when an inmate's case is dismissed "based on the grounds listed in § 1915(g)." *Turley v. Gaetz*, 625 F.3d 1005, 1012 (7th Cir. 2010). Those grounds are frivolousness, maliciousness, or failure to state a claim. *Id.* They do not include dismissal because a plaintiff lied about his poverty. Nonetheless, the district court's comment does not warrant modification of the judgment because it does not have any current effect. *See Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). Haywood's strikes will not be counted until he has had three cases dismissed on grounds enumerated by § 1915(g), and then the court in which he files his *fourth* suit will need to review each of his prior dismissals and determine retrospectively whether they count as strikes. *Id.*; *see also Hill v. Madison County*, 983 F.3d 904 (7th Cir. 2020).

We have reviewed Haywood's other arguments, and none has merit.

AFFIRMED