UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted October 24, 2005[*]
Decided October 25, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-1723

| | |
|---|---|
| RICHARD C. HERBST,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 04-C-37 |
| MARY M. KRAUSE,<br>    *Defendant-Appellee*. | William C. Griesbach,<br>*Judge.* |

## O R D E R

Richard Herbst, relying on the district court's diversity jurisdiction, sued his sister Mary Krause under Wisconsin law for intentional interference with inheritance or gift, defamation, and breach of a duty to care for their mother before her death.  The district court dismissed Herbst's claim of interference with inheritance for lack of subject-matter jurisdiction and his other claims under Fed. R.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

Civ. P. 12(b)(6) for failure to state a claim.  The court also sanctioned Herbst under Fed. R. Civ. P. 11 for bringing a frivolous suit to harass his sister.  We affirm.

According to Herbst's amended complaint, his mother, Margaret Herbst, transferred some of her property to Krause as trustee in 1991.  Margaret designated herself the sole beneficiary until her death; afterward, Herbst and several of his siblings would benefit.  Then in 1995 Margaret had a stroke, and Krause assumed power of attorney over her finances.  Sometime thereafter Krause convinced Margaret to delete Herbst from her will; Krause also violated the terms of the trust by removing him as a beneficiary.  According to the complaint, Margaret's estate was worth between $750,000 and $1,000,000 at the time of suit, and Herbst was entitled to share equally with a few siblings.  While this suit was pending, the probate branch of a Wisconsin Circuit Court ruled against Herbst on similar claims, now on appeal.  In addition to the acts of interference, Herbst alleges that during 1995 Krause defamed him in front of Margaret.  Pleading facts, he asserts that the defamatory statement was:  "Look you asshole, you're full of shit and if you don't like it you can leave right now."  Krause's statement, he claims, ruined his relationship with his mother and cost him his share of the estate.  Last, Herbst alleges that Krause breached a duty to care for their mother.

We begin with subject-matter jurisdiction.  Herbst alleges in his complaint that he and Krause are citizens of different states and that the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332(a)(1), yet, as the district court explained, even when the requirements of diversity jurisdiction are otherwise satisfied, "a federal court has no jurisdiction to probate a will or administer an estate," *Markham v. Allen*, 326 U.S. 490, 494 (1946), *quoted in Storm v. Storm*, 328 F.3d 941, 943 (7th Cir. 2003).  This "probate exception" strips federal courts of jurisdiction over both "pure" and "ancillary" probate matters; in other words, it confines to state courts claims that at bottom are will contests or that would unnecessarily interfere with state probate proceedings.  *Storm*, 328 F.3d at 943–44; *Dragan v. Miller*, 679 F.2d 712, 715 (7th Cir. 1982).  Thus, we have held that a federal court lacked jurisdiction over a suit in which the defendant allegedly persuaded the testator and settlor of an inter vivos trust to exclude the plaintiff as a beneficiary.  *Storm*, 328 F.3d at 945–48.  Herbst's claim of interference with inheritance or gift is indistinguishable from Storm's.  Thus, the district court was correct to dismiss that claim for lack of subject-matter jurisdiction.

We also agree with the district court that Herbst fails to state a claim for defamation.  Under Wisconsin law swearing at someone without more does not amount to defamation. *Bauer v. Murphy*, 530 N.W.2d 1, 6 & n.13 (Wis. Ct. App. 1995).  Herbst concedes as much but argues that it ought to; his arguments, however, are frivolous.  Additionally, his complaint itself makes clear that the two-year statute of limitations, Wis. Stat. § 893.57, bars his claim, brought eight years after the fact. *Cf. Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) (noting

that a suit may be regarded as frivolous when an affirmative defense is apparent on the face of the complaint).

Next, we agree that there is no basis for Herbst's claim against his sister for breach of a duty against their mother. The district court explained that Wisconsin law imposes no duty on adult sons and daughters to care for their parents. For his part Herbst identifies no Wisconsin authority that would permit him to recover on this claim against his sister, and we are aware of none.

Last, we hold that the district court did not abuse its discretion by granting Krause's motion for sanctions of $11,698.04 for costs and lawyers' fees. *See* Fed. R. Civ. P. 11(c). Although a court may consider a litigant's *pro se* status when deciding whether to impose sanctions, even an unrepresented party who signs pleadings in a frivolous suit may be liable for sanctions. *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004); *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990). Here, mindful that Herbst is not a lawyer, the district court decided nonetheless to impose sanctions because Herbst pursued an indefensible course—even after the court warned him of impediments to his lawsuit. Indeed, Herbst's only possible motivation for bringing this frivolous suit, reasoned the court, was to harass his sister. *See* Fed. R. Civ. P. 11(b)(1), (2). We cannot disagree. Before Herbst even filed this suit, the court had already rejected his attempt to remove his state probate action because of the probate exception. *Herbst v. Stadler Trust*, No. 04-C-0155 (E.D. Wis. Feb. 19, 2004). Likewise, before Herbst filed his amended complaint, the court had dismissed his original complaint because it did not set forth a statement capable of defamatory meaning and because there was no legal basis for his breach-of-duty claim. Herbst simply filed again without curing the defects.

AFFIRMED.