**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-6401

AARON D. ELLIS,

Plaintiff - Appellant,

v.

DANIEL I. WERFEL, Commissioner of Internal Revenue; JOHN KOSKINEN, Director IRS; NINA BOLIN, Operations Manager, Operations 1 IRS; MAUREEN SANDERS, Department Manager, IRS,

Defendants - Appellees.

No. 22-6402

DWAYNE D. YOUNG,

Plaintiff - Appellant,

v.

DANIEL I. WERFEL, Commissioner of Internal Revenue; JOHN KOSKINEN, Director IRS; NINA BOLIN, Operations Manager, Operations 1 IRS; MAUREEN SANDERS, Department Manager, IRS,

Defendants - Appellees.

No. 22-6422

VINCENT SPINNER,

　　　　　　　Plaintiff - Appellant,

　　v.

DANIEL I. WERFEL, Commissioner of Internal Revenue; JOHN KOSKINEN, Director IRS; NINA BOLIN, Operations Manager, Operations 1 IRS; MAUREEN SANDERS, Department Manager, IRS,

　　　　　　　Defendants - Appellees.

Appeals from the United States District Court for the Western District of Virginia, at Roanoke.  James P. Jones, Senior District Judge.  (7:22-cv-00062-JPJ-PMS; 7:22-cv-00063-JPJ-PMS; 7:22-cv-00064-JPJ-PMS)

Argued:  September 20, 2023　　　　　　　　Decided:  November 15, 2023

Before NIEMEYER, KING, and HARRIS, Circuit Judges.

Vacated and remanded by published opinion.  Judge Niemeyer wrote the opinion, in which Judge King and Judge Harris joined.

**ARGUED:**　Rosalind Eileen Dillon, RODERICK & SOLANGE MACARTHUR JUSTICE CENTER, Chicago, Illinois, for Appellants.  Nicholas Steven Crown, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.  **ON BRIEF:** Easha Anand, San Francisco, California, Elizabeth A. Bixby, RODERICK & SOLANGE MACARTHUR JUSTICE CENTER, Washington, D.C., for Appellants.　Brian M. Boynton, Principal Deputy Assistant Attorney General, Barbara Herwig, Sarah Carroll, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.;

2

Christopher R. Kavanaugh, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellees.

NIEMEYER, Circuit Judge:

Four inmates at the Buckingham Correctional Center in Dillwyn, Virginia, commenced this action *pro se* against agents of the IRS, alleging that the IRS unlawfully denied them all or part of their COVID-19 stimulus payments. The complaint alleged that the IRS was categorically denying payments to inmates on account of their incarcerated status even though, as the complaint asserted, a court had held that incarcerated individuals were entitled to receive stimulus payments. The four inmates contended that the IRS had "violated their Fourteenth Amendment rights to due process and equal protection of the law," and they sought an injunction requiring the IRS to disburse the proper payments to them.

Shortly after filing their complaint, the four inmates filed a motion to amend it by adding five additional inmates with the same claims.

The district court, operating under the assumption that the inmates were proceeding *in forma pauperis* and that therefore they were subject to the restrictions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1), acted *sua sponte* and ruled that the inmates could not join as plaintiffs in a single action. The court required that each inmate pursue a separate action and pay a separate filing fee. Accordingly, the court severed the claims of the four inmates and created three additional cases in which each severed inmate could prosecute his own separate claim after paying the filing fee. For the same reasons, the court also denied the inmates' motion to amend their complaint.

The three inmates whose claims were severed from the original action filed these appeals, challenging the legal and factual underpinnings of the district court's order. They

4

contend that the district court erred both in applying § 1915(b)(1) as they were not proceeding *in forma pauperis* and in making factual findings that were not supported by the record.

We agree with the inmates and therefore vacate both the court's order severing the plaintiffs' claims and its order denying amendment and remand for further proceedings.

I

Kevin Ballance, Aaron Ellis, Dwayne Young, and Vincent Spinner filed a joint complaint, each making the same claim against the IRS for COVID-19 stimulus payments. Only the amount they requested differed. All four signed the complaint, and they paid the clerk of the district court the full $402 filing fee. Unlike how prisoners often pursue litigation, they did not file *in forma pauperis*.

Shortly after the inmates filed their complaint and before it was served on the defendants, they filed a motion to amend to add five additional inmates who had the same claims. Again, the motion to amend and the proposed amended complaint were signed not only by the original four plaintiffs but also by the five inmates who sought to join.

Less than two weeks later, on February 1, 2022, the magistrate judge, acting *sua sponte*, entered an opinion and order ruling that, under the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1), the four plaintiffs could not "join in one civil action in this manner, paying only one filing fee . . . ." The magistrate judge also made two factual findings to provide additional support for her conclusion. First, the judge stated, "It [was] clear from the submitted pleadings that Ballance ha[d] prepared the filings, and that the other plaintiffs

5

apparently want[ed] him to file all pleadings in this case on their behalf."  Based on that finding, the judge concluded that because Ballance was not an attorney, he was not authorized to litigate the interests of the other inmates, citing, among other cases, *Hummer v. Dalton*, 657 F.2d 621, 626 (4th Cir. 1981), where we indicated that a prisoner proceeding *pro se* may not serve as a "knight-errant" for other inmates and may only seek to enforce his own rights.  The judge thus held that "Ballance as a *pro se* litigant may move forward *only* with his own claims in this case."  (Emphasis added).

Second, the magistrate judge found that "[p]ractical considerations" militated against allowing the four inmates to file a joint complaint.  She explained:

> A high likelihood exists that circumstances, such as cell reassignments, lockdowns, or personal disagreements, will often prevent plaintiffs from preparing and signing joint pleadings as required in *pro se* litigation.  A joint lawsuit also creates a danger of coercion, subtle or otherwise, between plaintiffs and may put plaintiffs at an increased risk of receiving a "strike" under 28 U.S.C. § 1915(g).

Based on her legal ruling and factual findings, the magistrate judge exercised her discretion under Federal Rule of Civil Procedure 21 and ordered that the claims of Ellis, Young, and Spinner be severed from the claim brought by Ballance.  The order stated:

> The claims brought in this jointly filed civil action . . . will be SEVERED into four separate actions — this case . . . and one additional civil case for each of the three other plaintiffs who joined . . . .  Once the court has set up new cases and assigned new case numbers, each plaintiff will be notified of his new case and case number through receipt of an initial Order; this Order will conditionally file his claims and require him to prepay the $402 filing costs for the case.

6

For these same reasons, the court also denied the original four plaintiffs' motion for leave to file an amended complaint to add five additional plaintiffs, directing that each of the nine inmates file his own civil action and pay the full filing fee in each action.

All nine inmates filed objections to the magistrate judge's order, appealing to the district judge, and all nine signed their "Motion to Object" to the magistrate judge's ruling. They argued that they had satisfied the permissive joinder requirements of Federal Rule of Civil Procedure 20 because all of their claims arose out of the same transaction or occurrence, or series of transactions or occurrences, namely that the President and Congress had authorized stimulus payments "to all American citizens at the same time." They also stated that Ballance was not serving as their counsel, explaining that he only wrote the pleadings because he had the most legible handwriting. They also noted that they were able to coordinate pleadings and papers because they

> live in a space that is a 100 x 100 x 150 foot triangle together. So as intelligent humans that live in a small space 24 hours a day, with 64 inmates[,] [w]e help each other. We talk. . . . And we are all intelligent enough to understand that the U.S. Government gave all American citizens $3,200.00. And all of the plaintiffs want their money.

Finally, the inmates explained that they also coordinated among themselves to collect from each a proportionate amount to pay the full $402 filing fee, which they paid to the clerk of the district court.

In a one-sentence ruling, the district judge affirmed the magistrate judge, stating, "Upon careful consideration of the record, I find that the magistrate judge's ruling was not clearly erroneous or contrary to law." Accordingly, he entered an order overruling the inmates' objections.

7

In accordance with the district court's order, the clerk of court opened three additional cases, one for each of the original severed plaintiffs — Ellis, Young, and Spinner. Those plaintiffs, however, refused to prosecute separate actions, choosing instead to stand on the original complaint and the proposed amendment to it. Accordingly, the district court dismissed the severed actions without prejudice.

Ellis, Young, and Spinner each filed appeals from the district court's decisions, and by order dated April 29, 2022, we consolidated their appeals.

II

First, we address the district court's legal reasoning for severing the action. The plaintiffs, four inmates, joined in one action, relying on Federal Rule of Civil Procedure 20. They claimed that their rights arose "'out of the same transaction, occurrence, or series of transactions or occurrences' and any question of law or fact common to all plaintiffs will arise in the action." (Quoting Fed. R. Civ. P. 20). While the district court explicitly acknowledged the plaintiffs' authority for filing a joint complaint under Rule 20, it reasoned that "[p]risoner-filed civil complaints" are "also governed by the Prison Litigation Reform Act, ('PLRA'), which among other things expressly states that a prisoner plaintiff 'shall be required to pay the full amount of a filing fee' for a civil action he brings. 28 U.S.C. § 1915(b)(1)." The court concluded that, "in light of this mandate, it is appropriate to sever the four plaintiffs' claims into four separate civil actions," pursuant to Rule 21 (giving the court discretion to sever actions). In construing § 1915(b)(1) to bar joint complaints filed by inmates *in forma pauperis*, the court relied on *Hubbard v. Haley*,

8

262 F.3d 1194, 1198 (11th Cir. 2001) (holding that "[b]ecause the plain language of the PLRA requires that each prisoner *proceeding* [*in forma pauperis*] pay the full filing fee, . . . the district court properly dismissed the multi-plaintiff action in this instance" (emphasis added)). *But see Hagan v. Rogers*, 570 F.3d 146, 156 (3d Cir. 2009) (holding that the PLRA "cannot be deemed to exclude [*in forma pauperis*] prisoner litigants from Rule 20 joinder as a matter of law"); *Boriboune v. Berge*, 391 F.3d 852, 854–55 (7th Cir. 2004) (same).

The plaintiffs contend, however, that § 1915(b)(1) "only applies to plaintiffs proceeding *in forma pauperis*" and that they did not proceed *in forma pauperis*. Accordingly, they argue that the district court erred in applying § 1915(b)(1). We agree.

Section 1915(b)(1), by its explicit terms, is restricted to *in forma pauperis* actions. The section begins, "If a prisoner brings *a civil action . . . in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee" in the manner thereafter provided. 28 U.S.C. § 1915(b)(1) (emphasis added). Moreover, the caption to § 1915 — "Proceedings in forma pauperis" — also alerts the reader to its limited application. *See, e.g.*, *Almendarez-Torres v. United States*, 523 U.S. 224, 234 (1998) (noting that the title of a statute and the heading of a section are "tools" to resolve "the meaning of the statute" (cleaned up)). Thus, because the plaintiffs here did not proceed *in forma pauperis*, the court should not have construed § 1915(b)(1) and applied it to them, and it was error to have done so. To be sure, under § 1915A, a district court is authorized to screen prisoners' complaints to identify and allow *cognizable claims* and dismiss those that are not, *see* 28 U.S.C. § 1915A, but that is not what the court purported to do in this case.

9

Consequently, the court abused its discretion in ordering the severance under Rule 21 for the legal reason it gave. *See James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993) ("[D]iscretion may be abused by an exercise that is flawed by erroneous factual or legal premises").

The district court also made factual findings to buttress its severance decision. It found "that the other plaintiffs apparently want[ed] [Ballance] to file all pleadings in this case on their behalf" and that Ballance was thus improperly representing them. But the court's finding in this regard was not supported by the record. To the contrary, as the plaintiffs asserted, while Ballance penned the court filings because he had the most legible handwriting of the plaintiffs, he did not sign the pleadings on any other plaintiff's behalf; the complaint and all motions were signed separately by each plaintiff, and this was the only evidence in the record on this point.

The court also found that "[p]ractical considerations" supported severance because cell reassignments, lock downs, or personal disagreements will often prevent plaintiffs from properly preparing joint pleadings. It added that a "joint lawsuit also creates the danger of coercion, subtle or otherwise, between plaintiffs and may put plaintiffs at an increased risk of receiving a 'strike' under 28 U.S.C. § 1915(g)." But again, there was nothing in the record to support those findings. The record contains only the plaintiffs' assertions to the contrary — that they lived close to each other; that they were with each other 24 hours a day; and that they were able to cooperate in their joint efforts. Thus, the court's "practical considerations" were, at most, abstract observations, amounting only to

10

speculation that was contradicted by the evidence in the record before it. Therefore, they cannot support the severance order.

Thus, because the district court's factual findings were clearly erroneous, the court also abused its discretion in ordering a Rule 21 severance based on these findings. *See James*, 6 F.3d at 239.

Finally, because the district court denied the plaintiffs' motion to amend based on its erroneous application of § 1915(b)(1) and related factfinding, we must also vacate that order. Moreover, in denying the motion, the court also failed to recognize that Federal Rule of Civil Procedure 15(a)(1)(A) authorizes a plaintiff to amend his complaint one time "as a matter of course" — meaning without leave or permission of the court — within 21 days of service of the complaint. The plaintiffs here had not even served the complaint at the time they sought to amend it.

While we vacate and remand, nothing in what we have said should be taken as suggesting a view on whether the plaintiffs' complaint presents a cognizable claim; whether § 1915(b)(1) indeed bars joint prisoner actions when proceeding *in forma pauperis*; or whether the inmates have properly joined as plaintiffs in one civil action under Rule 20. We conclude only that the district court erred (1) in applying § 1915(b)(1), (2) in making its factual findings in support of its severance order, and (3) in denying the motion to amend based on those same reasons.

VACATED AND REMANDED